ORIGINAL

FILED

SEP 2 6 2007

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DOROTHY L. BIERY,                                )
                                                 )
For Herself and As Representative of a Class of  )
Similarly Situated Persons,                      )        No.
                                                 )
                  Plaintiffs,                    )
                                                 )
        vs.                                      )        07 - 693 L
                                                 )
THE UNITED STATES OF AMERICA,                    )
                                                 )
                  Defendant.                     )
                                                 )

## COMPLAINT

### JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1491(a)(1) ("Tucker

Act") because this action presents a claim against the United States which is founded

upon the Constitution and Statutes of the United States.

### STATUTES AND CONSTITUTIONAL PROVISIONS

2.      Plaintiff's claim is governed by the following statutes and constitutional

provision:

        (a)     The Fifth Amendment to the United States Constitution, which

provides, "No person shall be . . . deprived of life, liberty, or property, without due

process of law; nor shall private property be taken for public use, without just

compensation."

        (b)     The National Trails System Act Amendments of 1983, 16 U.S.C. §

1247(d) ("Trails Act").

        (c)     The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act"), which

provides in relevant part, "The United States Court of Federal Claims shall have

jurisdiction to render judgment on any claim against the United States founded upon the Constitution."

(d)     The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000), which provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

## STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

3.     The Burlington Northern and Santa Fe Railway Company ("BNSF") formerly owned an easement for railroad purposes between milepost 0.62 and milepost 3.50, near South Hutchinson in Reno County, Kansas, a distance of approximately 2.88 miles (the "Railroad Line").

4.     The easement lay across property owned by Plaintiff.

5.     Upon abandonment of the easement, Plaintiff's property would have been unburdened by any easement.

6.     On February 19, 2004, BNSF filed with the Surface Transportation Board ("STB") a Notice of Exemption to abandon the Railroad Line.

7.     On April 8, 2004, the STB issued a Notice of Interim Trail Use ("NITU") relating to the Railroad Line. (A copy of the NITU is attached as Exhibit "A").

8.     Pursuant to this NITU, on March 23, 2005, a Trail Use Agreement was reached between BNSF and the City of South Hutchinson, Kansas (the "City").

9.     The City is not a railroad and is not authorized by any state or by the federal Surface Transportation Board to operate a railroad.

-2-

10.     The Trails Act provides that "in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes."

11.     But for operation of the Trails Act the Plaintiff would have the exclusive right to physical ownership, possession and use of their property free of any easement for recreational trail use or future railroad use.

12.     Creating a public access recreational trail across the Plaintiff's property and appropriating a new easement for possible future railroad use has taken from the Plaintiff not just the value of the land physically appropriated for this trail corridor but has also greatly diminished the value of the Plaintiff's adjoining property.

13.     The United States Constitution requires the federal government to pay "just compensation" to all those property owners holding fee title to property that was subject to the NITU.

14.     Plaintiff is a resident and citizen of the State of Kansas and the United States of America.

15.     Plaintiff owned her property on April 8, 2004, the day the NITU was issued by the STB relating to the Railroad Line.  (A copy of the Warranty Deed by which Plaintiff acquired her property is attached as "Exhibit B".)

16.     Plaintiff's property includes the fee title to all that property to the centerline of the abandoned BNSF right-of-way that is now subject to the easement for an interim public access trail and possible future railroad reactivation.

17.     Part of the property owned in fee by the Plaintiff was formerly subject to an easement for railway purposes.

18.     The easement did not provide BNSF or any other person or entity the right to use the Plaintiff's property for a public access recreational trail.

19.     Under the terms of the relevant easement and under Kansas law, when BNSF abandoned operation of a railroad over the Plaintiff's property, the easement was abandoned and the Plaintiff regained the right to use and possess her property free of any easement.

20.     The Trails Act allows the conversion of abandoned railroad rights-of-way for use as interim public access recreational trails and preserves the right-of-way for possible future reactivation as a railroad.   The Trails Act further provides that such conversion to trail use "shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes."   16 U.S.C § 1247 (d).

21.     The Plaintiff's property had never been subject to an easement allowing the public to use the Plaintiff's property for a recreational trail.

22.     The Plaintiff's property has never been subject to a general right of the public to cross or make use of the Plaintiff's property for any purpose.

23.     Any easement for operation of a railroad across the Plaintiff's property had been abandoned, and the Plaintiff enjoyed under Kansas law the right to use and occupy her property free of any present or future easement for operation of a railroad across her land.

24.     The federal government, through operation of the Trails Act and issuance of the NITU, has: (a) forestalled or taken from the Plaintiff her state law "reversionary" right to her property; (b) appropriated an easement across the Plaintiff's property for an interim public access recreational trail; and (c) appropriated an easement for a potential future railroad right-of-way across the Plaintiff's property and took the Plaintiff's rights she has under law to the exclusive use and physical occupation of her land.

25.     The taking of the Plaintiff's property occurred when the STB issued the NITU on April 8, 2004.

26.     The United States has neither instituted any condemnation proceeding against Plaintiff or the other class members, nor paid, nor offered to pay, the Plaintiff for the property it has taken.

27.     The actions of the United States have resulted in the taking of Plaintiff's and the class members' property, by reason of the direct physical taking of Plaintiff's and the class members' property and by reason of the damage to Plaintiff's and class members' remaining adjacent property which has and will suffer a loss of privacy and other severance damages as a result of the proximity of the public on the adjoining trail. The remaining property is also less valuable by reason of being divided into a smaller parcel by reason of the easement for trail use and adjoining an easement for possible future railroad use.

## CLASS ACTION

28.     Plaintiff requests that this action be certified as a class, and that she be named class representatives because:  (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c)

the claims of the Plaintiffs are typical of the claims of the class; and (d) the Plaintiff will fairly and adequately protect the interests of the class.

30.     Plaintiff further states that, in addition to the prerequisites for a class being met, a class action is also maintainable pursuant to F.R.C.P. Rule 23(b).

WHEREFORE, Plaintiff respectfully requests a judgment in favor of Plaintiff:

1.  Certifying that this action may be maintained as a class action;

2.  Awarding Plaintiffs the full fair market value of the property taken by the United States on the date it was taken (including any "severance damages" suffered by the Plaintiffs in loss of value to the Plaintiffs' remaining property not actually physically taken but affected by the taking);

3.  Compensation for the delay between the date of the government's taking of the Plaintiffs' property and the actual date when the government finally pays "just compensation" to the Plaintiffs;

4.  Paying the Plaintiffs' costs and attorneys' fees incurred pursuant to The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) (2000), which provides that just compensation includes "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

5.  Such further relief as this Court may deem just and proper.

DATE: September 24, 2007

LATHROP & GAGE L.C.

By
J. Robert Sears
Mark F. Hearne, II
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)

ATTORNEYS FOR PLAINTIFFS

-7-

34580
DO

SERVICE DATE - APRIL 8, 2004

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 406X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY
COMPANY–ABANDONMENT EXEMPTION– IN RENO COUNTY, KS

Decided: April 5, 2004

The Burlington Northern and Santa Fe Railway Company (BNSF) filed a notice of exemption under 49 CFR 1152 Subpart F-Exempt Abandonments to abandon a line of railroad between BNSF milepost 0.62 and milepost 3.50, near South Hutchinson, in Reno County, KS, a distance of approximately 2.88 miles. Notice of the exemption was served and published in the Federal Register on March 11, 2004 (69 FR 11707). The exemption is scheduled to become effective on April 10, 2004.

The Board's Section of Environmental Analysis (SEA) served an environmental assessment (EA) in this proceeding on March 16, 2004. In the EA, SEA states that the National Geodetic Survey (NGS) has identified six geodetic station markers that could be affected by the proposed abandonment. Therefore, SEA recommends that BNSF provide NGS with 90 days' notice before beginning any salvage activities in order to plan for the potential relocation of the geodetic station markers. Comments to the EA were due by March 31, 2004. No comments were received by the due date. Accordingly, the environmental condition recommended by SEA in the EA will be imposed.

On February 25, 2004, the City of South Hutchinson, KS (the City), filed a request for the issuance of a notice of interim trail use (NITU) for the subject line under the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act), in order to negotiate with BNSF for acquisition of the right-of-way for use as a trail. The City submitted a statement of willingness to assume financial responsibility for the management of, for any legal liability arising from the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for payment of any and all taxes that may be levied or assessed against, the right-of-way, and acknowledged that the use of the right-of-way for trail purposes is subject to possible future reconstruction and reactivation for rail service, as required at 49 CFR 1152.29. In a response submitted on March 25, 2004, BNSF states that it supports the issuance of a NITU.

Because the City's request complies with the requirements of 49 CFR 1152.29 and BNSF is willing to negotiate for trail use, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If the parties reach a mutually acceptable final agreement, no

EXHIBIT

A

STB Docket No. AB-6 (Sub-No. 406X)

further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(1). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

As conditioned, this decision will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. The proceeding is reopened.

2. Upon reconsideration, the notice served and published in the Federal Register on March 11, 2004, exempting the abandonment of the line described above is modified to the extent necessary to implement interim trail use/rail banking as set forth below, for a period of 180 days commencing from the April 10, 2004 effective date of the exemption (until October 7, 2004), and subject to the condition that BNSF provide NGS with 90 days' notice before beginning salvage activities in order to plan the relocation of the six geodetic station markers that may be affected by the abandonment.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume for the term of the agreement, full responsibility for management of, for any legal liability arising from the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations for the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by October 7, 2004, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided the condition imposed in this proceeding are met. See 49 CFR 1152.29(d)(1).

STB Docket No. AB-6 (Sub-No. 406X)

7. This decision is effective on its date of service.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams
Secretary

3

WARRANTY DEED (Following Kansas Statutory Warranty Form)

WAYNE WEBSTER, a single person,

CONVEY S__ AND WARRANT S__ TO

DOROTHY L. BERRY,

, all the following

described REAL ESTATE in the County of Reno

and the State of Kansas to-wit:

A tract of land described as follows:  Beginning at
a point 2395 feet west of the southeast corner of the
Northeast Quarter (NE/4) of Section 23, Township 23
South, Range 6 West of the 6th P.M., thence west
193-1/3 feet; thence north 450 feet; thence east
193-1/3 feet; thence south 450 feet to the place of
beginning, containing 2 acres,

for the sum of one dollar and other valuable consideration.

EXCEPT AND SUBJECT TO:  Easements and restrictions of record.

Dated __May__ , 19_81_

STATE OF KANSAS, RENO COUNTY, ss

BE IT REMEMBERED, That on this 29 day of May
A. D. 19 81, before me, the undersigned, a notary public
in and for the County and State aforesaid, came

Wayne Webster, a single person,

who is personally known to me to be the same person who executed
the within instrument of writing and such person duly acknowledged the
execution of the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my
seal, the day and year last above written.

_Verna C. Gunnett_
Notary Public

Term expires 24 may 19 84

_Wayne Webster_
Wayne Webster

STATE OF KANSAS
RENO COUNTY } ss

This instrument was filed for record on
the __ day of ____ A.D. 19 __
at __ o'clock __ M. and duly
recorded in Book __ on Page __ (1)
Fee $ __

_____
REGISTER OF DEEDS

EXHIBIT
B

415-1