**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DOROTHY L. BIERY,<br><br>For Herself and As Representatives of a Class of Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 07-693 L<br>Honorable Nancy B. Firestone |

**ANSWER**

Pursuant to Rule 8 and Rule 12 of the Rules of the United States Court of Federal Claims, Defendant, the United States of America, answers the allegations in the numbered paragraphs of Plaintiff's Complaint as follows:

**JURISDICTION**

1. Paragraph 1 is Plaintiff's statement regarding jurisdiction to which no response is required. Defendant admits that 28 U.S.C. § 1491 is the principal statute conferring jurisdiction on this Court.

**STATUTES AND CONSTITUTIONAL PROVISIONS**

2. The allegations in Paragraph 2 and its subparagraphs (a) - (d) are characterizations of Plaintiff's case and conclusions of law, to which no response is required. Defendant avers that this Court lacks jurisdiction over any claims brought under the Due Process Clause, as suggested in the allegations set forth in Paragraph 2(a).

**STATEMENT OF FACTS APPLICABLE TO ALL COUNTS**

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 4.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 5.

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10. In Paragraph 10, Plaintiff quotes a portion of the National Trails System Act Amendments of 1983, 16 U.S.C. § 1247 ("Trails Act"). This statute speaks for itself and is the best evidence of its content, and, therefore, no response is required. To the extent a response is required, Defendant admits that Plaintiff has accurately quoted a portion of the statute.

11. The allegations contained in Paragraph 11 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

12. The allegations in Paragraph 12 are legal conclusions to which no response is required. Defendant specifically denies that it has taken the Plaintiff's property.

13. The allegations in Paragraph 13 are characterizations of Plaintiff's case and conclusions

of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15. Defendant avers that Exhibit B to Plaintiff's Complaint appears to be a deed to Dorothy Biery, dated May 29, 1981.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18.

19. The allegations contained in Paragraph 19 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

20. The allegations contained in Paragraph 20 characterize the Trails Act, which speaks for itself and is the best evidence of its content, and, therefore, no response is required.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22.

23. The allegations contained in Paragraph 23 are legal conclusions to which no response is

required. To the extent that a response is required, Defendant denies the allegations.

24. The allegations in Paragraph 24 and its subparagraphs (a) - (c) are characterizations of Plaintiff's case and conclusions of law, to which no response is required. Defendant denies that it has taken the Plaintiff's "reversionary" rights or that Defendant has appropriated an easement.

25. Defendant denies that a taking has occurred.

26. Defendant admits that it has not instituted any condemnation proceeding against Plaintiff. Defendant avers that it has not taken any of Plaintiff's property.

27. The allegations in the first sentence of Paragraph 27 are characterizations of Plaintiff's case and conclusions of law, to which no response is required. Defendant denies that it has taken Plaintiff's property or any potential class member's property. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 27.

**CLASS ACTION**

28. The allegations contained in Paragraph 28 and its subparagraphs (a) - (d) are conclusions of law to which no response is required. Plaintiff has not filed a motion for class certification, and Defendant will respond to such a motion when and if Plaintiff files it.

29. Plaintiff's Complaint does not include a paragraph 29.

30. The allegations contained in Paragraph 30 are conclusions of law to which no response is required. Plaintiff has not filed a motion for class certification, and Defendant will respond to such a motion when and if Plaintiff files it. Defendant avers that Fed. R. Civ. P. 23(b) has no applicability in this Court.

All of the allegations in Plaintiff's Complaint that have not been specifically admitted,

denied or otherwise answered are hereby denied.

**PRAYER FOR RELIEF**

These remaining allegations constitute Plaintiff's prayer for relief, to which no response is required.

**AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant requests that this Court dismiss this action, deny in all respects the relief sought by plaintiffs, enter judgment for the defendant, and grant Defendant such other relief as the Court may deem just and proper.

DATED: December 17, 2007

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

_/s/ William J. Shapiro_____
WILLIAM SHAPIRO
AYAKO SATO
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
501 - I Street, Suite 9-700
Sacramento, CA 95814-2322
Phone: 916-930-2207
Fax: 916-930-2210
Email: William.Shapiro@usdoj.gov

Attorneys for Defendant

<u>Of Counsel</u>:

Evelyn Kitay
Surface Transportation Board
Office of General Counsel
1925 K Street, N.W.
Suite 600
Washington, D.C. 20423