**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DOROTHY L. BIERY,<br><br>For Herself and As Representative of a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 07-693 L<br>Honorable Nancy B. Firestone |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the Court of Federal Claims ("RCFC"), the parties hereby file this Joint Preliminary Status Report. The parties also hereby inform the Court that Plaintiff's counsel and counsel for the United States have previously discussed this case pursuant to RCFC Appendix A(II)(3). Where the parties have been unable to reach agreement on a joint statement, separate statements by Plaintiff and the United States are provided.

**Paragraph 4(a) Does the court have jurisdiction over the action?**

Plaintiff alleges a violation of the Fifth Amendment arising out of the application of 16 U.S.C. § 1247(d) (the "Trails Act"), and the Surface Transportation Board's ("STB's") issuance of a Decision and Notice of Interim Trail Use or Abandonment ("NITU") on April 8, 2004. The parties agree that the Court of Federal Claims has

jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1491.

**Paragraph 4(b) Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**Paragraph 4(c) Should trial of liability and damages be bifurcated?**

**Plaintiff's Statement:**

Yes. As with similar Trails Act taking cases, this case should be bifurcated, with liability being decided first. As noted below, the threshold questions involving title and the question of liability should be resolved on summary judgment following a brief period of discovery.

The Plaintiff believes that the initial issue of whether the National Trails System Act Amendments of 1983, 16 U.S.C. §1247 (d) ("Trails Act") and action of the federal Surface Transportation Board ("STB"), pursuant to the Trails Act, constituted a taking of the named Plaintiff's property should be determined upon an initial motion for summary judgment.

Should it be determined that the government is liable for a taking of the Plaintiff's property, this case can proceed to valuation of the property interests that have been taken in a manner similar to that adopted by the Court in *Miller, Illig* and *Ladd*.

**The United States' Statement:**

The United States believes that this case should be bifurcated into a liability and valuation phase. The United States disagrees with Plaintiff's proposal to address the liability questions related to the named representative before the Court has had an opportunity to determine whether this matter will proceed as a class action. Plaintiff's Complaint identifies Plaintiff Biery as a named representative for a class of similarly situated persons, and suggests that Plaintiff will eventually request class certification in this matter. See Compl. ¶¶ 28, 30. Plaintiff has not yet filed a motion for class certification, however, and Plaintiff's response to Paragraph 4(f) in this filing suggests that rather than moving for class certification, Plaintiff instead plans to file an amended complaint to add additional property owners as parties. If Plaintiff intends to file a motion for class certification or, alternatively, seek leave to file an amended complaint, Plaintiff should make such a motion and the Court should resolve that motion before the parties engage in liability-related discovery and before either party files a summary judgment motion.

In any event, Plaintiff proposes that the parties proceed with discovery and motions practice focused only on the single named representative (or perhaps focused on a number of as-yet unnamed individuals, if Plaintiff seeks leave to file a motion for an amended complaint in order to add additional named representatives). If Plaintiff's proposed schedule is adopted, the government would have to brief liability issues without having an opportunity to learn who is asserting claims against it or what particular property interests are claimed by potential class members in this case. Plaintiff's proposal also eliminates any opportunity for the United States

to consider whether it is necessary to file summary judgment briefs, or whether some liability-related issues can be resolved by negotiation.

Plaintiff's proposal will likely require the parties to engage in multiple rounds of discovery and file multiple summary judgment briefs – first with respect to Plaintiff Biery, and second with respect to all other class members (assuming Plaintiff files, and the Court eventually grants, a motion for class certification). In other somewhat similar cases where the court granted a motion for class certification, the parties have discovered that although the named representative's legal claim may sound similar to other class members' claims, the factual underpinnings of the individual claims often require individual attention. In these cases, the government's liability is often evaluated by looking at the specific language of a century-old deed from a landowner to a railroad. See Preseault v. United States, 100 F.3d 1525, 1534 (Fed. Cir. 1996) ("The question of what estates in property were created by these turn-of-the-century transfers to the Railroad requires a close examination of the conveying instruments, read in light of the common law and statutes of [the relevant state] then in effect."). Even along the same railroad corridor, these railroad deeds may contain very different language, and therefore result in very different liability analyses. See Hubbert v. United States, 58 Fed. Cl. 613, 616 (2003) (granting the government's motion for summary judgment with respect to certain claims based on the language of the particular conveying instrument). Under Plaintiff's proposal, the Court would first determine the government's liability with respect to the single named representative, and then engage in a completely separate liability determination with respect to any other potential class members. This proposal is an inefficient use of the parties' and the Court's resources. The better approach is to determine who is a plaintiff in this matter, and then proceed

forward with discovery and a liability determination with respect to those individuals.

**Paragraph 4(d) Should further proceedings in this case be deferred pending consideration of any other tribunal?**

No. The parties are not aware of any case which would necessitate the deferral of this action.

**Paragraph 4 (e) Will a remand or suspension be sought?**

No. The parties are not seeking a remand or suspension.

**Paragraph 4 (f) Will additional parties be joined?**

**Plaintiff's Statement:**

There are additional property owners who have contacted the Plaintiff'case about making a claim for compensation. The Plaintiff anticipates filing a first amended complaint in this case within the next thirty (30) days in which additional property owners will be added as parties.

**The United States' Statement:**

Plaintiff first suggested to the United States that Plaintiff might file an amended complaint on February 19, 2008, as the parties were finalizing the preparation of this Joint Preliminary Status Report.

The United States has not been contacted by any additional parties, and notes that Plaintiff has not moved to join additional parties pursuant to Rules 18 or 19 of the Rules of the Court of Federal Claims, or moved for class certification pursuant to Rule

23 of the Rules of the Court of Federal Claims. If Plaintiff intends to request leave to file an amended complaint or to seek class certification, the United States believes Plaintiff should make such a motion within thirty (30) days of the filing of this Joint Preliminary Status Report. As discussed above in paragraph 4(c), the United States believes the identity of any additional plaintiffs should be determined before the parties engage in any discovery or engage in any liability-related motions practice.

**Paragraph 4 (g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, a schedule for the intended filing.**

**Plaintiff's Statement:**

The parties intend to conduct initial discovery on Plaintiff's claims limited to title and threshold liability issues for the named Plaintiff. Both parties agree that the title issues in this case, and the question of liability are both well-suited for resolution by a motion for summary judgment. The Plaintiff anticipates filing a motion for partial summary judgment pursuant to Rule 56 RCFC on the threshold issue of the government's liability for taking the named Plaintiff's property shortly after filing the Plaintiff's first amended complaint.

**The United States' Statement:**

At this time, the United States does not intend to file a motion for judgment on the pleadings. As discussed above in paragraphs 4(c) and 4(f), the United States believes the identity of any additional plaintiffs should be determined before the parties

engage in any discovery or engage in any liability-related motions practice. The United States believes it is premature to propose a briefing schedule prior to resolution of this issue.

**Paragraph 4(h) What are the relevant factual and legal issues?**

**Plaintiff's Statement:**

1. Under Kansas law and the terms of the relevant conveyance instruments, did the named Plaintiffs own the land adjacent to and underlying the railroad right-of-way April 8, 2004.

2. Did the STB's issuance of a NITU on April 8, 2004 pursuant to the Trails Act preclude the Plaintiff's "reversionary" interest in the property underlying the railroad right-of way. (See, *Preseault v. United States*, 494 U.S. 1 (1990), *Preseault v. United States*, 100 F 3d 1525 (Fed. Cir. 1996).)

3. If the Court determines that there has been a taking of Plaintiff's interest in her property, what is the amount of "just compensation" due to Plaintiff under the Fifth Amendment for the value of the Plaintiff's property taken, as valued on the April 8, 2004 date of taking?

4. If the Court determines that there has been a taking of Plaintiff's interest in her property, what is the amount of "just compensation" due Plaintiff under the Fifth Amendment for the delay between the date the Plaintiff's property was taken and the

date the government finally pays compensation for the value of the property that was taken?

5. If the Court determines that there has been a taking of Plaintiff's interest in her property, what amount of "costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees," are owed the Plaintiff pursuant to the Uniform Relocation Assistance and Real property Acquisition Policies Act of 1970, 42 U.S.C. §4654 (c)?

**The United States' Statement:**

The United States believes that the relevant factual and legal issues are stated as follows:

1. Did the STB's issuance of a NITU on April 8, 2004, effect a taking of Plaintiff's property in violation of the Fifth Amendment to the United States Constitution?

2. If the Court determines that the United States is liable for an unconstitutional taking, what amount of compensation is Plaintiff due?

**Paragraph 4 (i) What is the likelihood of settlement? Is ADR contemplated?**

The parties agree that further exploration of the facts are necessary before they can determine the likelihood of settlement. The parties further agree that they will consider the possible use of alternative dispute resolution procedures after exploration

of the underlying facts.

**Paragraph 4 (j) Do the parties anticipate proceeding to trial?**

At this time, the parties do not believe that a trial to determine the liability issue will be necessary. The parties do not believe an expedited trial schedule is appropriate for this case.

**Paragraph 4 (k) Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management that need to be raised at this time.

**Paragraph 4 (l) Is there other information of which the court should be aware at this time?**

The parties are not aware of any other information of which the Court should be aware at this time.

**Paragraph 5. Discovery Plan**

**Plaintiff's Statement:**

The parties shall file Rule 26(a)(1) disclosures within 14 days after filing the Plaintiff's first amended complaint. The Plaintiff believes that only limited discovery is required to address the legal issues in an anticipated motion for partial summary judgment on the question of the Defendant's liability.

The Plaintiff believes that more extensive discovery should await a decision by this Court on the Plaintiff's motion for summary judgment on the question of the governments' liability. Should this Court find that the government has taken an interest in the named Plaintiff's property, the Plaintiff proposes that within 15 days of that decision the parties submit to the Court a proposed Joint Status Report proposing time frames for discovery related to any claims by opt-in class members and property valuation and damages.

**The United States' Statement:**

As discussed above in paragraphs 4(c) and 4(f), the United States believes the identity of any additional plaintiffs should be determined before the parties engage in any discovery or engage in any liability-related motions practice. If Plaintiff intends to request leave to file an amended complaint or to seek class certification, the United States believes Plaintiff should make such a motion within thirty (30) days of the filing of this Joint Preliminary Status Report. The United States suggests that the parties submit a proposed schedule for discovery and motions practice after the Court has resolved that motion.

This Joint Preliminary Status Report has been jointly prepared by the parties., and filed by the United States at the request of Plaintiff.

February 19, 2008

Respectfully submitted,

LATHROP & GAGE, L.C.

/s/ Mark F. Hearne II
Mark F. (Thor) Hearne II
Steven M. Wald
J. Robert Sears
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)
swald@lathropgage.com
Counsel for Plaintiff

RONALD J. TENPAS
Assistant Attorney General
Environmental & Natural Resources Division

/s/ William J. Shapiro
WILLIAM J. SHAPIRO
AYAKO SATO
United States Department of Justice
Natural Resources Section
Environment and Natural Resources Division
501 I Street, Suite 9-700
Sacramento, CA 95814
916-930-2207 (phone)
916-930-2210 (fax)
William.shapiro@usdoj.gov
Counsel for the United States

Of Counsel:
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
Washington, DC 20024