For Opinion See 443 F.3d 1368

United States Court of Appeals, Federal Circuit.
John BARCLAY, Constance Barclay, Royer Barclay, Althea Barclay, John Amos, Marcia J. Bacon, Ronald J. Bartel, Melvin Bergen, John E. Boyle, Jonathan Ehrlich, Florence Ehrlich, Donald Graumann, Ruben Kliewer, Alvin Kroupa, Barbara Kroupa, Burdett Ledell, Lee Dale Miller, Vernon Minns, Frank A. Mitchell, Mid Kansas Cooperative Association, John F. Opat, Robert Presnell, Janet Regier, Sonja Regier, Don Reinhardt, Janice Reinhardt, Mary J. Rodgers, Darrell Thompson, Robert Turner, Geneva Turnquist, Donald Turnquist, Clark E. Wiebe, and Marlene J. Weber,
Plaintiffs - Appellants,
v.
UNITED STATES, Defendant - Appellee.
Nos. 05-1255, 05-5109.
November 23, 2005.

On Appeal from the United States District Court for the District of Kansas

Supplemental Brief of the United States in Response to the Brief of Amici Curiae
Sue Ellen Wooldridge, Assistant Attorney General, John E. Arbab, Lane M. McFadden, U.S. Department of Justice, P.O. Box 23795 (L'Enfant Plaza Station), Washington, D.C. 20026, (202) 353-9022.

*i TABLE OF CONTENTS

ARGUMENT ... 1

1. *Amici's new claim is not properly presented in this appeal* ... 1

2. *Even if amici's new arguments are considered, the trial courts in Barclay and Renewal Body Works correctly interpreted this Court's decision in Caldwell* ... 2

3. *Adoption of amici's reading of Caldwell would be fatal to the takings claim in Renewal Body Works* ... 4

4. *The trial courts' reading of Caldwell in Barclay and Renewal Body Works will not lead to adverse "practical consequences* ... 5

CONCLUSION ... 5

CERTIFICATE OF SERVICE ... 8

EXHIBIT
Appendix
F

*ii TABLE OF AUTHORITIES

Cases:

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), cert. denied, 126 S. Ct. 366 (2005) ... 1, 2, 5

*Christian v. United States*, 337 F.3d 1338 (Fed. Cir. 2003) ... 2

*Hash v. United States*, 403 F.3d 1308 (Fed. Cir. 2005) ... 4

*In re Alappat*, 33 F.3d 1526 (Fed. Cir. 1994) ... 1

*Preseault v. ICC*, 494 U.S. 1 (1990) ... 3, 4

*Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) ... 3, 4

*Renewal Body Works, Inc. v. United States*, No. 05-5109, at 37 ... 1

*Toews v. United States*, 376 F.3d 1371 (Fed. Cir. 2004) ... 3, 4

*United Parcel Service v. Mitchell*, 451 U.S. 56 (1981) ... 1

STATUTES, RULES and REGULATIONS:

Trails Act

Section 8(d), 16 U.S.C. § 1247(d) ... 2, 4

***1** Pursuant to this Court's order of November 10,2005, the United States hereby submits its supplemental brief in response to the brief of *amici curiae* Sarah and Gale Illig *et al*.

## ARGUMENT

1. *Amici's new claim is not properly presented in this appeal.* In both *Barclay v. United States* and the companion case of *Renewal Body Works, Inc. v. United States*, the respective appellants contend that *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), *cert. denied*, 126 S. Ct. 366 (2005), was wrongly decided.[FN1] *Amici*, however, rely on an entirely new argument: they state that their "brief alone presents the Court with an understanding of *Caldwell v. United States* * * * that assumes its validity and is consistent with binding precedent." Unopposed Motion of Sarah Illig and Gale Illig for Leave to Respond to the Expedited Motion of United States to Strike Brief of *Amici Curiae* at 1-2 (Nov. 9, 2005).

> FN1. *See, e.g.*, Appellants' Opening Brief in *Barclay v. United States*, No. 05-1255, at 23 n. 5 ("Appellant-Landowners argue first for overruling *Caldwell* * * * because * * * *Caldwell* was wrongly decided."); Appellant's Opening Brief in *Renewal Body Works, Inc. v. United States*, No. 05-5109, at 37 ("*Caldwell* is incorrect and should be reversed.").

The law is clear that "[an] amicus may not rely on new arguments not presented

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

below." In re Alappat, 33 F.3d 1526, 1536 (Fed. Cir. 1994) (citing United Parcel Service v. Mitchell, 451 U.S. 56, 60 n. 2 (1981)). Where, as here, none of the parties ***2** has made or adopted the arguments of *amici*, this Court will not consider those arguments. *Christian v. United States*, 337 F.3d 1338, 1345 (Fed. Cir. 2003).

2. *Even if amici's new arguments are considered, the trial courts in Barclay and Renewal Body Works correctly interpreted this Court's decision in Caldwell. Amici* assert (Br. 16) that "the Court of Federal Claims' reading of *Caldwell* is certainly wrong" insofar as the trial court concluded that a takings claim arising under section 8(d) of the Trails Act, 16 U.S.C. § 1247(d), accrues when the Surface Transportation Board (STB) issues a Notice of Interim Trail Use or Abandonment (NITU). *Amici* are incorrect.

The trial courts in *Barclay* and *Renewal Body Works* correctly interpreted the *Caldwell* decision. The *Caldwell* court explained that the question before it was "in the context of an exemption proceeding, when are state law reversion interests forestalled by operation of section 8(d) of the Trails Act?" 391 F.3d at 1233. This Court answered that question as follows: "We conclude that this occurs when the railroad and trail operator communicate to the STB their intention to negotiate a trail use agreement and the agency issues an NITU that operates to preclude abandonment under section 8(d)." *Id.* In so concluding, this Court emphasized that "[t]he issuance of the NITU is the only *government* action in the railbanking process that operates to prevent abandonment of the corridor and to preclude the vesting of state law ***3** reversionary interests in the right-of-way." *Id.* at 1233-34 (emphasis in original). The Court could not have been clearer about the scope of its accrual holding: "We therefore hold that the appropriate triggering event for any takings claim under the Trails Act occurs when the NITU is issued. The NITU marks the 'finite start' to either temporary or permanent takings claims by halting abandonment and the vesting of state law reversionary interests when issued." *Id.* at 1235. *See also id.* at 1228 ("[A]ppellants' claim accrued when the exemption proceedings were halted by issuance of a [NITU].").

Contrary to *amici's* suggestion (Br. 13), the trial courts' reading of *Caldwell* in *Barclay* and *Renewal Body Works* does not contravene the precedent of the United States Supreme Court or this Court "regarding the operation of the Trails Act on property rights defined by state [law]." For that contention, *amici* primarily rely on the majority and concurring opinions in *Preseault v. ICC*, 494 U.S. 1 (1990), the plurality opinion in *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) *(en banc)*, and *Toews v. United States*, 376 F.3d 1371 (Fed. Cir. 2004). However, none of these opinions addresses *when* a cause of action accrues for a Trails Act takings claim. The Supreme Court's opinion in *Preseault* recognizes that whether a taking has in fact occurred - that is, the question of liability, as distinguished from the separate and antecedent question of accrual - generally involves an issue of state law. ***4** *See Preseault*, 494 U.S. at 16 (noting that under state law "[s]ome rights-of-way are held in fee simple" and "[o]thers are held as easements that do not revert upon interim use as nature trails"); *id.* at 21 (opinion of O'Connor, J.) (explaining that "[d]etermining what interest petitioners would have enjoyed under Vermont law * * * will establish whether petitioners possess the predicate property interest that must underlie any takings claim"). This Court's decisions in *Preseault* and *Toews* recognize the same principle.[FN2] But none of these decisions holds that state property law determines when a takings cause of action accrues under 16 U.S.C. § 1247(d).[FN3]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN2. *See* Preseault, 100 F.3d at 1541-44 (concluding that under Vermont law the easement granted to the railroad was not sufficiently broad in scope to embrace use as a public recreational trail); Toews, 376 F.3d at 1376-79 (reaching a similar conclusion under California law).

FN3. Nor did *Hash v. United States*, 403 F.3d 1308 (Fed. Cir. 2005), *cited by* Br. at 9, address the question of when a takings claim accrued; that case was limited to threshold questions of title.

3. *Adoption of amici's reading of Caldwell would be fatal to the takings claim in Renewal Body Works. Amici* contend (Br. 5) that, properly understood, *Caldwell* holds that "[i]f the railroad easement would have terminated under state law prior to issuance of the NITU, then a Trails Act taking occurs at the moment the NITU issues, for it prevents the railroad easement from in fact terminating." *Caldwell* did not so hold, and the accrual principle advanced by *amici* would be fatal to the takings claim in *Renewal Body Works*. In its opening brief, Renewal contends (Br. 21) that "[t]he ***5** state law easement was abandoned in the summer of 1995, several months before the NITU issued. Therefore Renewal's cause of action did not accrue when the NITU issued." This result, however, is precisely the opposite of that which would obtain under *amici's* proposed reading of *Caldwell:* under that reading, Renewal's takings claim accrued when the NITU was issued (and thus is time-barred) because, according to Renewal, the railroad abandoned its easement under state law prior to the issuance of the NITU.

4. *The trial courts' reading of Caldwell in Barclay and Renewal Body Works will not lead to adverse "practical consequences."* Although *amici* contend (Br. 22) that it would make "no sense" to require property owners to file suit when a NITU issues, *Caldwell* states that this is the point at which state law reversion interests are forestalled, and thus the injury-in-fact requirement is met. *See* 391 F.3d at 1233-34. Furthermore, the rule proposed by *amici* would require landowners to delay their suits unnecessarily until a trail use agreement is reached, which could potentially take years during which the landowners' property rights have been interfered with.

CONCLUSION

The judgments of the district court in No. 05-1255 and of the Court of Federal Claims in No. 05-5109 should be affirmed.

John BARCLAY, Constance Barclay, Royer Barclay, Althea Barclay, John Amos, Marcia J. Bacon, Ronald J. Bartel, Melvin Bergen, John E. Boyle, Jonathan Ehrlich, Florence Ehrlich, Donald Graumann, Ruben Kliewer, Alvin Kroupa, Barbara Kroupa, Burdett Ledell, Lee Dale Miller, Vernon Minns, Frank A. Mitchell, Mid Kansas Cooperative Association, John F. Opat, Robert Presnell, Janet Regier, Sonja Regier, Don Reinhardt, Janice Reinhardt, Mary J. Rodgers, Darrell Thompson,
2005 WL 5630861 (C.A.Fed.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.