**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DIANNE J. MILLER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 03-2489L |
| v. | ) | |
| | ) | Senior Judge Eric Bruggink |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S STATUS REPORT AND MOTION TO STAY**

Pursuant to the Court's instructions during the March 11, 2005 status conference in the above-titled matter, Defendant submits the following status report.

1. On April 30, 1999, Union Pacific Railroad Company ("UP") filed a petition for exemption pursuant to 49 U.S.C. § 10502, seeking an exemption from the statutory provisions of 49 U.S.C. § 10903 to permit UP's abandonment and discontinuance of operation over a 2.18-mile segment of UP's Kirkwood Industrial Lead extending from milepost 13.62 to 15.8 in St. Louis County, Missouri ("Corridor"). See Ex. 6 to Pls.' Memo. in Supp. of Mot. to Certify Class Action.

2. On May 13, 1999, Paul Evans, attorney for Trailnet, Inc., requested that the Corridor be "subject to a Certificate of Notice of Interim Trail Use, rather than an outright abandonment." See Attachment A.

3. On May 21, 1999, UP submitted a letter indicating that UP was "agreeable to entering into negotiations with Trailnet, Inc. for trail use" on the Corridor. See Attachment B.



EXHIBIT tabbies Appendix G

4. The Surface Transportation Board issued a Decision and Notice of Interim Trail Use or Abandonment ("NITU") on August 18, 1999. See Ex. 6 to Pls.' Memo. in Supp. of Mot. to Certify Class Action.

5. On July 26, 2001, UP and Trailnet, Inc. entered into a Donation and Purchase and Sale Agreement ("Agreement"), whereby UP conveyed its interest in the subject railroad corridor "in accordance with and subject to the National Trails System Act, 16 U.S.C. § 1247(d)" ("Trails Act"). See Ex. 3 to Pls.' Memo. in Supp. of Mot. to Certify Class Action.

6. On April 20, 2004, the Court granted plaintiffs' unopposed motion to certify this as a class action pursuant to Rule 23 of the Rules of the United States Court of Federal Claims.

7. Pursuant to the Court's April 20, 2004 Order, the opt-out class was limited to

> land owners in St. Louis County, Missouri, whose land is currently burdened by the Kirkwood Industrial Lead and/or Carondelet Branch Trial as specified in the Notice of Interim Trail Use or Abandonment dated August 18, 1999, and who fall within the scope of the Agreement, namely, those owning fee interest in land along the subject corridor between mileposts 13.766 and 15.80.

Id.

8. On May 11, 2004, the parties submitted a Joint Status Report, proposing an Entry of Appearance, a document titled "Important Legal Notice - Notice of Pendancy of Class Action," and a Proposed Scheduling Order. See Joint Status Report, dated May 11, 2004.

9. The "Important Legal Notice - Notice of Pendancy of Class Action" states that the class action "was brought on behalf of a class consisting of all persons who, on July 26, 2001,

were owners of real property over which the Union Pacific Railroad formerly held an interest or right-of-way."

10. Similarly, the Entry of Appearance required prospective class members to "state to the best of our knowledge and belief" that they owned affected property on July 26, 2001.

11. On December 14, 2004, the United States Court of Appeals for the Federal Circuit issued an opinion in Caldwell v. United States, 391 F.3d 1226, 1233 (Fed. Cir. 2004), holding that in the context of a Fifth Amendment claim resulting from application of the Trails Act, a taking had occurred, if at all, "when the railroad and trail operator communicate to the STB their intention to negotiate a trail use agreement and the agency issues an NITU that operates to preclude abandonment under section 8(d)." See also Renewal Body Works, Inc. v. United States, _ Fed. Cl. _, 2005 WL 741706, *3 (Fed. Cl. Apr. 1, 2005) ("Caldwell constitutes precedent binding upon this Court and must be followed.").

12. The United States Court of Appeals for the Federal Circuit denied the Caldwell Appellants' petition for rehearing en banc on March 23, 2005. See Attachment C.

13. Based on Caldwell, defendant believes the date of taking in the instant matter should be August 18, 1999, the date of the issuance of the NITU, not July 26, 2001, the date of the Agreement. Accord Renewal Body Works, Inc., 2005 WL 741706 (applying Caldwell in California case); Barclay v. United States, 351 F.Supp.2d 1169 (D. Kan. 2004) (applying Caldwell in Kansas case). Defendant understands that class counsel disagrees with the government's position.

14. Because the previously-disseminated notice used the date of the Agreement rather than the date of the issuance of the NITU, the government believes that the previously-disseminated notice may be insufficient and should be corrected by dissemination of a corrected notice.

15. Class counsel in the instant matter is the same counsel for the class in Illig v. United States, Civil No. 98-934L (Fed. Cl.).

16. The parties in the Illig case have initiated briefing of the applicability of the Caldwell decision.

17. In order to conserve judicial resources, Defendant hereby proposes that the Court issue a stay in the instant matter pending resolution of the statute of limitations issue in Illig.

18. Defendant further proposes that the parties file a joint status report suggesting further proceedings within 10 days of a decision on the statute of limitations issue in Illig.

19. The undersigned counsel provided a copy of this Status Report to class counsel, and understands that class counsel has certain objections to its filing. The undersigned counsel also understands that counsel for the class will be filing a separate memorandum to represent the views of the class.

Dated: April 6, 2004

Respectfully submitted,
THOMAS L. SANSONETTI

Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

WILLIAM J. SHAPIRO
Trial Attorney
General Litigation Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tele: (202) 305-0479
Fax: (202) 305-0506

Attorney for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DIANE J. MILLER, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 03-2489L |
| | ) | |
| v. | ) | Senior Judge Bruggink |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

COMES NOW, Defendant, the United States of America, and moves to dismiss Claim Nos. 3,[1/] 4, 7, 8, 10, 11, 16, 20, 24, 30, 32, 33, 43, 49, 51, 72, and 73 for lack of jurisdiction. As discussed below, the owners of these claims were not the owners on the date of taking and therefore these claims must be dismissed.

The Surface Transportation Board ("STB") issued a Notice of Interim Trail Use ("NITU") on the subject railroad corridor on August 18, 1999. See Tab 1. On July 26, 2001, Trailnet, Inc. and the Union Pacific Railroad Company entered into a trail use agreement. See Tab 2. The instant opt-in class action was filed on October 23, 2003. The parties subsequently negotiated a proposed procedure to notify potential class members about the existence of the lawsuit. The parties' proposed notice was approved by the Court. See Court Order, dated May 13, 2004 (adopting Scheduling Order).[2/] The notice used the date July 26, 2001, as the date of

---

[1/] Claim No. 3 is also subject to the government's Motion for Partial Summary Judgment, which is currently pending before the Court.

[2/] See also Court Order, dated June 24, 2004 (adopting Amended Scheduling Order); Court Order, dated Aug. 20, 2004 (adopting Second Amended Scheduling Order).

taking. Notice was transmitted, and landowners were given until August 20, 2004, in which to submit an Entry of Appearance, which would enable them to participate in this action.

On December 14, 2004, the United States Court of Appeals for the Federal Circuit issued a decision in Caldwell v. United States, 391 F.3d 1226 (Fed. Cir. 2004), rehearing en banc denied Mar. 23, 2005, petition for cert. filed, 74 USLW 3013 (Jun. 21, 2005). In Caldwell, the Federal Circuit held that "the appropriate triggering event for any takings claim under the Trails Act occurs when the NITU is issued." Id. at 1235; accord Renewal Body Works, Inc. v. United States, 64 Fed. Cl. 609 (Fed. Cl. 2005). This case was stayed while the Court considered application of Caldwell in the context of Illig v. United States, No. 98-934L (Bruggink, J.). See Court Order, dated April 15, 2005. The Court granted the government's renewed motion to dismiss in Illig on July 27, 2005, concluding that the date that the NITU was issued was the appropriate date of taking. See Illig v. United States, 2005 WL 1793412 (Fed. Cl. July 27, 2005) (Bruggink, J.).

Based on Caldwell and its progeny, it is now clear that the appropriate date of taking for purposes of this case should be August 18, 1999, the date that the STB issued the NITU. See id. Those individuals who did not own property abutting the subject corridor on that date should be dismissed from this lawsuit. See Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001) ("It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation."). For the Court's convenience, Defendant has prepared a chart that summarizes the information provided in the Entries of Appearance for the 17 claims that are the subject of this motion. See Tab 3. The relevant documents showing the claimants' date of acquisition of the property in question is attached as exhibits to the chart. See id. Because these

claimants did not acquire their property until after August 18, 1999, they did not own any property interest on the date of taking for purposes of this case. Their claims, therefore, must be dismissed.[3/]

For the reasons stated above, the government respectfully requests that the Court dismiss Claim Nos. 3, 4, 7, 8, 10, 11, 16, 20, 24, 30, 32, 33, 43, 49, 51, 72, and 73.[4/]

Respectfully submitted this 15 day of August, 2005.

KELLY A. JOHNSON
Acting Assistant Attorney General

WILLIAM J. SHAPIRO
Trial Attorney
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
501 I Street
Suite 9-700
Sacramento, CA 95814
(916) 930-2207 (phone)
(916) 930-2210 (fax)

[3/] The government does not oppose the reissuance of amended notice, which would use the date of the NITU.

[4/] One other claim raises concern: based on the Entry of Appearance, Claim No. 21 was owned by Eric R. Robertson and Shelly N. Boatwright on the date of taking. Subsequently, Boatwright conveyed her interest to Robertson. Only Eric R. Robertson has signed the Entry of Appearance. Defendant assumes for purposes of this motion that class counsel will obtain the necessary signature for purposes of that claim.

# In the United States Court of Federal Claims

No. 03-2489L
(Filed: November 2, 2005)

* * * * * * * * * * * * * * * * * * * * * * *

DIANNE J. MILLER, ROBERT N. MILLER, and LISA M. SHANIKA, For Themselves and as Representatives of a Class of Similarly Situated Persons,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * *

ORDER

Oral argument was heard Tuesday, October 25, 2005, on defendant's motion to dismiss, plaintiff's motion for reconsideration of the August 31, 2005, order granting defendant's motion for partial summary judgment, plaintiff's motion to amend the court's August 11, 2005, order and joint case management plan, and plaintiff's motion to amend the class. As a result of the oral argument, the following is ordered:

(1) Defendant's motion to dismiss is granted. It is undisputed that the current claimants did not own the relevant parcels as of the date of the Notice of Interim Trail Use. *See Illig v. United States*, 67 Fed. Cl. 47 (2005). Accordingly, the following Claims are dismissed: 3, 4, 7, 8, 10, 11, 16, 24, 32, 33, 43, 49, 51, 72.

(2) Plaintiffs' motion for reconsideration of the court's order of August 31, 2005, is denied.

(3) Plaintiff's motion to amend the court's August 11, 2005, order and joint case management plan is

granted as follows:

(a) On or before Friday, November 18, 2005, defendant shall file any substantive objections to the new claim book.

(b) On or before Wednesday, November 30, 2005, the joint appraiser shall furnish his report for the selected parcels to both parties.

(c) On or before Wednesday, December 14, 2005, the parties shall notify each other in writing of any objection to the appraiser's report.

(d) On or before Friday, January 6, 2006, the parties shall file a joint status report. Thereafter the court will arrange a status conference.

(4) Plaintiff's motion to amend the class is granted. With respect to that motion, the following is ordered:

(a) The class shall be amended to include, in addition to the claims remaining from the original claim book, those class members identified as Claims 78-116 in the Supplemental Claim Book as being the fee owners of the property as of the date of the Notice of Interim Trail Use.

(b) For Claims number 20, 30, and 33, the original claimant shall be substituted by the successor in interest.

(c) The portion of claim 80, identified by Locator Number 24M 32 0494, shall be dismissed based upon the Triplett/Walker deed. It is undiputed that Claim 80 involves the same parcel of property which was involved in Claim 3, which

we dismissed based upon the Tripplet/Walker deed in *Miller v. United States*, 67 Fed. Cl. 542 (2005).

(d) Mary Neunheim is permitted to enter the class, as she has an undivided one-half interest with Christopher Neunheim in claim number 73.

ERIC G. BRUGGINK
Judge