**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DOROTHY L. BIERY, and<br><br>GORDON HOLLOWAY, as successor and representative of decedent GEORGE A. HOLLOWAY, and<br><br>STACY E. JUDY Trust, dated March 7, 1994 and<br>JULIA R. CHALFANT Etvir Trust<br><br>K.A.K. FARMS, INC., and<br><br>AMERICAN PACKING CORPORATION, and<br><br>COLLINS INDUSTRIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 07-693L<br><br>Honorable Nancy B. Firestone |

**DEFENDANT'S UNOPPOSED MOTION FOR CONSOLIDATION**
**AND**
**MOTION FOR ADOPTION OF SCHEDULING ORDER**

On April 30, 2008, in disregard of the Court's March 4, 2008 Order (Doc. No. 19), Plaintiffs Dorothy L. Biery, et al., filed a Motion for Partial Summary Judgment ("Biery Plaintiffs' Motion") (Doc. No. 25). The Biery Plaintiffs' Motion is nearly identical to the Motion for Partial Summary Judgment filed by the same counsel in Pankratz v. United States, Case No. 07-675L (Firestone, J.), which is currently pending before this Court. For the reasons set forth herein, Defendant requests that the Court consolidate the instant case with Pankratz,

pursuant to Rule 42(a) of the Rules of the Court of Federal Claims, for purpose of liability-related briefing. In addition, Defendant requests that the Court adopt the Defendant's proposed scheduling order as set forth below. The undersigned counsel has contacted Plaintiffs' counsel regarding this motion and understands Plaintiffs do not oppose the motion for consolidation, but that Plaintiffs intend to oppose the United States' proposed scheduling order.

## I. Background

Plaintiffs filed their initial complaint in this matter on September 26, 2007, shortly after the same Plaintiffs' counsel filed an initial complaint in Pankratz. The Biery Complaint was framed as a class action, but the Biery Plaintiffs have never filed a motion for class certification. In contrast, the Pankratz Plaintiffs filed a Motion to Certify a Class Action on November 21, 2007 (Doc. No. 11). The entity designated as the authorized trail group indicated that it intended to seek a voluntary revocation of the Notice of Interim Trail Use ("NITU"). To allow the revocation to occur, the Court granted Defendant several enlargements of time to respond to the Pankratz Plaintiffs' Complaint and Motion to Certify. However, to date, the trail group has not requested revocation of the NITU.

On March 4, 2008, the Court conducted a consolidated hearing in Pankratz and Biery. Following the hearing, the Court issued two written orders. First, the Court issued an order in Pankratz, permitting the Pankratz Plaintiffs to file a motion for summary judgment (Doc. No. 24 in Pankratz); second, the Court issued an order in Biery, permitting the Biery Plaintiffs to file an amended complaint and requiring the parties to file a Joint Status Report setting forth a proposed discovery schedule on May 5, 2008 (Doc. No. 19 in Biery).

The Pankratz Plaintiffs filed a Motion for Partial Summary Judgment on April 14, 2008

(Doc. No. 32 in Pankratz). Defendant's Response to the Pankratz Motion for Partial Summary Judgment is currently due May 15, 2008. The Biery Plaintiffs filed an Amended Complaint on April 18, 2008 (Doc. No. 22 in Biery). Disregarding the Court's direction that the Biery parties should submit a joint discovery schedule on May 5, however, the Biery Plaintiffs filed a Motion for Partial Summary Judgment on April 30. The Biery Plaintiffs' Motion is identical, in nearly every substantive respect, to the Motion for Partial Summary Judgment filed by the Pankratz Plaintiffs on April 14, 2008. Defendant's Response to the Biery Plaintiffs' Motion is currently due June 2, 2008.

## II. The Court Should Consolidate Biery and Pankratz for Purposes of Liability-Related Briefing

Consolidation is a procedural device, the use of which is left to the Court's discretion. Rule 42(a) of the Rules of the Court of Federal Claims provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceeding therein as may tend to avoid unnecessary costs or delay." See also d'Abrera v. United States, 78 Fed. Cl. 51, 60 (2007) (ordering consolidation because "consolidation will advance the court's interest in judicial economy").

The appropriateness of consolidating claims under Rule 42 "depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation." Karuk Tribe of Calif. v. United States, 27 Fed. Cl. 429, 433 (1993) (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)). In determining whether consolidation is appropriate, the court has noted that "[o]ne of the primary objectives of consolidation is to prevent separate actions from producing conflicting results,

which can occur when both cases require judicial determinations of the same facts." Id. "When common questions of law or fact are involved and consolidation would avoid unnecessary costs, consolidation is encouraged." d'Abrera, 78 Fed. Cl. at 60.

As discussed above, the Motions for Partial Summary Judgment pending in the instant case and in Pankraz are substantively identical. Although the two cases involve different railroad instruments, Plaintiffs' treatment of the liability issues in the two motions is nearly identical. Plaintiffs have attached essentially identical exhibits to both motions and repeated the same legal discussion. Briefing the same issues in two separate cases will result in unnecessary paperwork for the Court and unnecessary work on behalf of the parties.

Given that the two motions for summary judgment are essentially identical, the most efficient approach to these cases is plainly consolidation for purposes of liability-related briefing. Counsel for the United States understands Plaintiffs' counsel agrees that consolidation is appropriate.

**III. The Court Should Adopt Defendant's Proposed Case Management Plan**

In order to prepare a response to the claims raised in the Biery and Pankratz motions, it is necessary for the United States to conduct additional due diligence. As an example, although the Pankratz Plaintiffs submitted certain documents in support of their Motion for Summary Judgment, Plaintiffs appear to have attached an incomplete copy of the primary instrument by which the railroad acquired its interest in the subject corridor. By conducting its own investigation of the Pankratz Plaintiffs' claims, the United States discovered Plaintiffs' error and has transmitted a copy of the entire relevant instrument to Plaintiffs' counsel. In order to ensure that the Court is presented with the correct exhibits and is therefore able to correctly evaluate the

parties' positions, the United States is compelled to conduct additional due diligence of the pending claims. Although lead counsel for the United States is scheduled to be on case-related travel for much of June 2008, Defendant believes that it can accomplish the necessary investigation of the claims and prepare its response to both motions by July 18, 2008.

In order to streamline the remainder of the liability-related briefing in these cases, therefore, Defendant requests that the Court consolidate these cases and adopt the following Case Management Plan:

| **Event** | **Date** |
|---|---|
| Defendant files a Consolidated Response and Cross Motion for Summary Judgement (if it so chooses) | July 18, 2008 |
| Plaintiffs file a Consolidated Reply and Response to Defendant's Cross Motion for Summary Judgment (if Defendant files a cross motion) | Pursuant to RCFC 7.2(c) |
| Defendant files Consolidated Reply (if Defendant files a cross motion) | Pursuant to RCFC 7.2(c) |
| Oral Argument | At the Court's convenience |

## IV. Conclusion

For the reasons discussed above, the Court should consolidate these two cases for purposes of liability-related briefing pursuant to Rule 42(a), and adopt Defendant's proposed case management plan.

Respectfully submitted this 5th day of May, 2008,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/ William J. Shapiro
WILLIAM J. SHAPIRO
AYAKO SATO
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024