**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

DOROTHY L. BIERY, and

GORDON HOLLOWAY, as successor and representative of decedent GEORGE A. HOLLOWAY, and

STACY E. JUDY Trust, dated March 7, 1994 and
JULIA R. CHALFANT Etvir Trust

K.A.K. FARMS, INC., and

AMERICAN PACKING CORPORATION, and

COLLINS INDUSTRIES, INC.,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No. 07-693L

Honorable Nancy B. Firestone

**DEFENDANT'S REPLY IN SUPPORT OF ITS UNOPPOSED MOTION FOR CONSOLIDATION AND MOTION FOR ADOPTION OF SCHEDULING ORDER**

Pursuant to RCFC 42(a), Defendant has moved for consolidation of Biery v. United States, No. 07-693L, and Pankratz v. United States, No. 07-695L, for purpose of liability-related briefing (Pankratz, Doc. ___ ; Biery, Doc. 26). Plaintiffs "wholeheartedly support" such consolidation (Biery, Doc. 27).

Although the parties agree with respect to consolidation, the parties are not in agreement with respect to the date on which Defendant's consolidated response and cross-motion for

summary judgment should be due. Defendant has requested a due date for its consolidated response and cross-motion for summary judgment of July 18, 2008. Plaintiffs assert that the due date for the consolidated brief should be June 2, 2008, which is the current due date for Defendant's response to the motion for summary judgment that Plaintiffs unexpectedly filed in the Biery case on April 30, 2008. Plaintiffs assert that they have "provided the Defendant with all the underlying title documents" and essentially contend that no additional time is needed for factual development through discovery or otherwise. Defendant disagrees.

As set forth in Defendant's motion, Defendant requires time to conduct its due diligence with respect to Plaintiffs' claims prior to filing a consolidated response to the separately-filed motions for summary judgment. For example, title documents related to one of the claims in Pankratz and six out of the seven claims in Biery were produced by Plaintiffs just a few weeks ago. It is necessary for Defendant to confirm whether this title documentation is accurate and complete.[1/] Defendant's initial review of the title documents produced by Plaintiffs indicates that those documents may not be sufficient to establish, as a matter of Kansas state law, whether each of the named Plaintiffs is the owner of a servient estate that is burdened by a railroad easement, as the Plaintiffs allege. Instead, it may be necessary to obtain and examine additional conveyance documents in the chain-of-title in order to resolve the legal issues presented in

[1/]As noted in Defendant's motion at 4-5, Defendant's review of the title documents filed with Plaintiffs' summary judgment motion in Pankratz revealed that portions of those documents were incomplete. For example, Defendant recently located and produced to Plaintiffs discovery responses on an agreed upon date, which included a copy of a Commissioners' Report that relates to the Condemnation Order filed with Plaintiffs' summary judgment motion. Plaintiffs concede that their title company did not provide them with a copy of this Commissioner's Report, which underscores the need for Defendant to confirm the accuracy and completeness of documents supporting Plaintiffs' allegations that they are the owners of a servient estate subject to a railroad easement.

Plaintiffs' motions on a set of material facts that are both undisputed *and* complete. Defendant submits that the due date of July 18, 2008, requested for its consolidated summary judgment brief is reasonable to conduct this due diligence prior to asking the Court to resolve liability-related issues at summary judgment, and will not unduly delay resolution of the liability-related issues in these cases.

Accordingly, for the reasons set forth above and in Defendant's motion, Defendant respectfully requests that its unopposed motion to consolidate these two cases for purposes of liability-related briefing be granted, and that the Court adopt the briefing schedule proposed by Defendant.

Respectfully submitted this 7th day of May, 2008,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/ William J. Shapiro
WILLIAM J. SHAPIRO
AYAKO SATO
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814

Of Counsel:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024