**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DOROTHY L. BIERY, et al.,<br><br>and<br><br>JERRAMY PANKRATZ and ERIN PANKRATZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 1:07-cv-693<br><br>(consolidated with: Case No. 07-675L)<br><br>Honorable Nancy B. Firestone |

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, United States of America, hereby cross-moves for summary judgment pursuant to Rule 56 of the Rule of the United States Court of Federal Claims. Plaintiffs allege that they possess ownership interest in two railroad rights-of-way located in Butler County and Reno County, Kansas. Plaintiffs' claims are premised on the allegation that they are the fee simple owners of lands that are subject to a railroad easement. Plaintiffs allege that these easements were abandoned or extinguished by operation of Kansas state law, and that the decision of the Surface Transportation Board permitting the "railbanking" of the subject rights-of-way for future rail use and interim trail use pursuant to the National Trails System Act, 16 U.S.C. § 1247(d), constitutes a taking of their property interests in the right-of-way. Plaintiffs have moved for partial summary judgment on title and liability issues. For the reasons set forth in the supporting memorandum filed herewith, Defendant opposes Plaintiffs' motions and cross-moves for summary judgment.

Defendant's summary judgment memorandum addresses three issues. First, although there is no dispute that the permanent takings claims alleged in the Plaintiffs' complaints are timely, the claim accrual date advanced by Plaintiffs is based on a misinterpretation of the Federal Circuit's precedential rulings. Under those rulings, the Biery Plaintiffs' permanent takings claims accrued on April 8, 2004, and the permanent takings claims alleged by the Pankratz Plaintiffs accrued on June 5, 2005. Accordingly, Defendant moves for partial summary judgment with respect to the proper claim accrual date for the permanent takings claims alleged in the Plaintiffs' respective complaints.

The second issue addressed in this memorandum is title, which is a threshold element in all takings claims. In order for Plaintiffs to meet their burden of proof on this element, the must establish: (1) that the railroads acquired only an easement in the rights-of-way at issue, and (2) that each named Plaintiff is the fee owner of some or all of the lands burdened by that easement on the date of the alleged taking. With respect to the first prong of this inquiry, there are segments of the subject rights-of-way that the railroads acquired in fee. Plaintiffs have no ownership interest in these segments and summary judgment must be granted in favor of Defendant on the claims that relate to those segments. With respect to the second prong of this inquiry, even for those segments in which the railroad acquired only an easement, Plaintiffs (with one exception) have not met their burden of proving that they are the fee owners of the land subject to that easement. Moreover, one of the Biery Plaintiffs has no ownership interest whatsoever. The absence of proof on this aspect of the title issue requires the denial of Plaintiffs' motions for partial summary judgment at this time.

The third issue addressed in Defendant's summary judgment memorandum is the question of liability. For those portions of the subject rights-of-way where that were held by the

railroads as easements (and where Plaintiffs have established that they are the fee owners of the land subject to those easement), there is no liability for a taking because the uses of the subject rights-of-way authorized by the Trails Act – railbanking and interim trail use – are permissible present uses of those rights-of-way under Kansas law. In addition, contrary to Plaintiffs' assertions, the railroads have not abandoned their property interests in the subject rights-of-way. Instead, the actions of the railroads are fully consistent with an intent to preserve and maintain the rights-of-way (which is permissible under Kansas law), and to retain the right to re-enter the rights-of-way for the purpose of restoring rail service. Under Kansas law, these actions demonstrate the railroads' intent to preserve the rights-of-way, rather than to abandon them. Alternatively, there is no liability in this case because, under Kansas law, a right-of-way acquired for a public purpose can be converted from one public use (active rail use) to another (railbanking and interim trail use) without infringing upon the rights of the servient estate holder and without causing an abandonment of the right-of-way.

Accordingly, for the reasons set forth in Defendant's supporting memorandum, Plaintiffs' motion for partial summary judgment should be denied and Defendant's motion for summary judgment should be granted.

Respectfully submitted this 2nd day of June, 2008,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

AYAKO SATO
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
60 D Street, N.W., 3rd Flr. Room 3133
Washington, DC 20004
TEL: (202) 305-0239
FAX: (202) 305-0506
E-MAIL: ayako.sato@usdoj.gov

Attorneys for Defendant

Of Counsel:

ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
Office of General Counsel
395 E Street, SW
Washington, DC 20024