21345

ENTERED
Office of Proceedings

JUN 15 2004

Part of
Public Record

BALL JANIK LLP

ATTORNEYS

1455 F STREET, NW, SUITE 225
WASHINGTON, D.C. 20005
www.balljanik.com
TELEPHONE 202-638-3307
FACSIMILE 202-783-6947

KARL MORELL

kmorell@dc.bjllp.com

JUN 15 2004
RECEIVED

FEE RECEIVED
JUN 15 2004
SURFACE TRANSPORTATION BOARD

FILED
JUN 15 2004
SURFACE TRANSPORTATION BOARD

June 15, 2004

BY HAND DELIVERY

The Honorable Vernon Williams
Surface Transportation Board
1925 K Street NW
Suite 715
Washington, DC 20423-001

Re: STB Docket No. 870X, Butler County, Kansas -- Abandonment Exemption -- In Butler County, KS

Dear Secretary Williams:

Attached for filing are the original and ten copies of a Notice of Exemption under 49 C.F.R. 1152.50. Also attached is a check covering the $2,800 filing fee.

Please time and date stamp the extra copy of the Notice of Exemption and return it with our messenger.

If you have any questions, please call me.

Sincerely,

Karl Morell

Karl Morell

Enclosures

BEFORE THE

SURFACE TRANSPORTATION BOARD

JUN 15 2004
RECEIVED

---

DOCKET NO. AB-870X

---

BUTLER COUNTY, KANSAS
-- ABANDONMENT EXEMPTION --
IN BUTLER COUNTY, KANSAS

---

NOTICE OF EXEMPTION

---

Karl Morell
Of Counsel
Ball Janik LLP
1455 F St., N.W.
Suite 225
Washington, D.C. 20005
(202) 638-3307

Attorney for:
BUTLER COUNTY, KANSAS

Dated: June 15, 2004

JUN 15 2004
RECEIVED

BEFORE THE

SURFACE TRANSPORTATION BOARD

DOCKET NO. AB-870X

BUTLER COUNTY, KANSAS
-- ABANDONMENT EXEMPTION --
IN BUTLER COUNTY, KANSAS

NOTICE OF EXEMPTION

Butler County, Kansas ("County") files this Verified Notice of Exemption pursuant to the class exemption at 49 C.F.R. § 1152.50 to abandon the 10.6-mile rail line located between milepost 483.62, at Augusta, and milepost 494.22, near Andover, in Butler County, Kansas (the "Line").

1. Proposed consummation date.

   The proposed consummation date is August 4, 2004.

2. Certification required by 49 C.F.R. § 1152.50(b).

   The required certification is attached hereto as Exhibit A.

3. Information required by 49 C.F.R. § 1152.22(a)(1) through (4), (7), and (8), and (e)(4).

   (a) General.

      (1) Exact name of applicant.

      Butler County, Kansas

(2) Whether applicant is a common carrier by railroad subject to 49 U.S.C. Subtitle IV, Chapter 105.

The County is a common carrier by railroad subject to 49 U.S.C. Subtitle IV, Chapter 105.

(3) Relief sought.

The County seeks to use the class exemption at 49 C.F.R. § 1152.50 to abandon the 10.6-mile rail line located between milepost 483.62, at Augusta, and milepost 494.22, near Andover, in Butler County, Kansas. There has been no local or overhead traffic on the Line in over two years.

(4) Map.

A Map depicting the trackage covered by the proposed abandonment is attached as Exhibit B.

(7) Name, title, and address of representative of applicant to whom correspondence should be sent.

Karl Morell
Ball Janik LLP
1455 F St., N.W., Suite 225
Washington, DC 20005
(202) 638-3307

(8) List of all United States Postal Service ZIP Codes that the line proposed for abandonment traverses.

The Line traverse ZIP Codes: 67010 and 67002.

(e) Rural and community impact.

(4) Statement of whether the properties proposed to be abandoned are appropriate for use for other public purposes, including roads and highways, other forms of mass transportation, conservation, energy production or transmission, or recreation. If the applicant is aware of any restriction on the title to the property, including any reversionary interest, which would affect the transfer of title or the use of property for other than rail purposes, this shall be disclosed.

The Line traverses predominately rural areas that have adequate road and highway networks. Therefore, there is little or no likelihood that the rail corridors are needed for transit or highway corridors. The right-of-way may be suitable for recreational trails. The property underlying the right-of-way is reversionary, which would affect the transfer of the property for other than rail or rail-banking purposes.

4. The level of labor protection.

Under 49 U.S.C. 10502(g), the Board may not use its exemption authority to relieve a carrier of its statutory obligation to protect employee interests. The Board and its predecessor agency, the Interstate Commerce Commission, however, declined, except in unusual circumstances, to impose labor conditions where a carrier abandons service over its entire line. The County proposes to abandon the entire rail line it owns. Also, no corporate affiliate of the County will continue substantially similar rail operations and there is no corporate parent that would benefit from the proposed abandonment. *See Northampton and Bath R. Co. – Abandonment,* 354 I.C.C. 784 (1978); *Wellsville, Addison & Galeton R. Corp. – Abandonment,* 354 I.C.C. 744 (1978); Docket No. AB-403X, *Willamette Valley Railroad Company – Abandonment Exemption – In Polk County, OR* (not printed), served April 5, 1996.

5. Certification.

Certificates of compliance with the notice requirements of 49 C.F.R. §§ 1152.50(d)(1) and 1105.11 are attached as Exhibit C.

6. Environmental Report.

The Environmental Report containing information required by 49 C.F.R. § 1105.7(e) is attached hereto as Exhibit D. Based on information in our possession, the Line does not contain federally granted rights-of-way. Any documentation in the County's possession will be made available promptly to those requesting it.

7. Historic Report.

The Historic Report containing information required by 49 C.F.R. § 1105.8 is attached hereto as Exhibit E.

Respectfully submitted,

Karl Morell
Of Counsel
Ball Janik LLP
1455 F St., N.W., Suite 225
Washington, D.C. 20005
(202) 638-3307

Attorney for:
BUTLER COUNTY, KANSAS

Dated: June 15, 2004

**EXHIBIT A**

**VERIFICATION AND CERTIFICATION THAT RAIL LINE MEETS CRITERIA OF 49 C.F.R. SECTION 1152.50(b)**

| | | |
|---|---|---|
| STATE OF KANSAS | ) | |
| | ) | ss. |
| BUTLER COUNTY | ) | |

I, Larry Powell, being duly sworn depose and state that I am Director of Economic Development for Butler County, Kansas ("County"), that I am authorized to make this verification, and that I have read the foregoing Notice of Exemption and know the facts asserted therein are true and accurate as stated to the best of my knowledge, information, and belief.

I hereby certify that no local traffic has been handled to or from any customer over the rail line located between milepost 483.62, at Augusta, and milepost 494.22, near Andover, in Butler County, Kansas (the "Line") for at least two (2) years prior to the date hereof. Also, no overhead traffic has been handled on the Line for at least two (2) years prior to the date hereof. Further, no formal complaint filed by a user of rail service on the Line (or a State or local government entity acting on behalf of such user) regarding cessation of service over the Line either is pending with the Surface Transportation Board or any U.S. District Court or has been decided in favor of a complainant within the two-year period.

The foregoing certification is made on behalf of the County by the undersigned after due and careful investigation of the matters herein certified and based on the best of the knowledge, information, and belief of the undersigned.

Larry Powell

Larry Powell

SUBSCRIBED AND SWORN TO before me this 8th day of June, 2004.

My Commission Expires: 9-22-06

Kathy L. Ballew

Notary Public

KATHY L. BALLEW
State of Kansas
My Appt. Exp. 9-22-06

**EXHIBIT D**

**ENVIRONMENTAL REPORT**

(49 C.F.R. 1105.7)

Docket No. AB-870

BUTLER COUNTY, KS
--ABANDONMENT EXEMPTION--
IN BUTLER COUNTY, KANSAS

*(1) Proposed Action and Alternatives. Describe the proposed action, including commodities transported, the planned disposition (if any) of any rail line and other structures that may be involved, and any possible changes in current operations or maintenance practices. Also describe any reasonable alternatives to the proposed action. Include a readable, detailed map and drawings clearly delineating the project.*

Butler County, Kansas (the "County") proposes to abandon its 10.6-mile rail line located between milepost 483.62, at Augusta, and milepost 494.22, near Andover in Butler County, Kansas (the "Line"). Upon receipt of abandonment authority, the County intends to remove the rail, track material, and crossties. There are currently no plans to remove the two bridge structures on the Line.

The County acquired the Line by donation from The Burlington Northern And Santa Fe Railway Company.[1] The Line was out of service when the County acquired it in 2001. The County had intended to rehabilitate the Line and locate an operator in order to preserve rail service in the area. The County, however, has not been able to locate a suitable operator and has thus decided to abandon the Line. To the best of the County's knowledge, no traffic has

---

[1] *See* STB Docket No. 34139, *Butler County, Kansas – Acquisition Exemption – The Burlington Northern And Santa Fe Railway Company* (not printed), served January 11, 2002.

moved over the Line in years. Since December 2001, no local traffic has moved over the Line. The Line is stub-ended and, therefore, not capable of handling overhead traffic.

The Line has had no traffic in recent years. In addition, no maintenance has been performed on this dormant Line for some time. Therefore, the proposed abandonment will have no impact on rail freight operations and maintenance practices on the Line.

The only alternative to abandonment would be not to abandon the Line thereby forcing the County to pass the opportunity costs of retaining the Line on to its citizens. This would not be a prudent use of the County's resources.

A map of the proposed abandonment is attached hereto as Exhibit 1.

*(2) Transportation System. Describe the effects of the proposed action on regional or local transportation systems and patterns. Estimate the amount of traffic (passenger or freight) that will be diverted to other transportation systems or modes as a result of the proposed action.*

No passenger traffic will be diverted to other modes as a result of the proposed abandonment. No local traffic has been handled on the Line for several years and the Line is not capable of handling overhead traffic. Since the Line no longer handles rail traffic, the proposed abandonment will have no adverse effects on regional or local transportation systems and patterns.

*(3) Land Use. (i) Based on consultation with local and/or regional planning agencies and/or a review of the official planning documents prepared by such agencies, state whether the proposed action is consistent with existing land use plans. Describe any inconsistencies. (ii) Based on consultation with the U.S. Soil Conversation Service, state the effect of the proposed action on any prime agricultural land. (iii) If the action affects land or water uses within a designated coastal zone, include the coastal zone information required by 1105.9. (iv) If the proposed action is an abandonment, state whether or not the right-of-way is suitable for alternative public use under 49 U.S.C. § 10905 and explain why.*

(i) The proposed abandonment is consistent with existing land use plans. The Butler County Commissioners were contacted concerning the proposed abandonment. See Exhibit 2. The Commissioners have reviewed the County Comprehensive Plan and concluded that the proposed abandonment will have no negative impact on land use planning. See Exhibit 3. A copy of this Report has been mailed to the appropriate local and state agencies for their information and further comment.

(ii) The proposed abandonment will not have any detrimental effect on any prime agricultural land. The County notified the State Conservationist of the proposed abandonment and requested assistance in identifying any potential effects on prime agricultural land. See Exhibit 4. According to the Assistant State Conservationist, the proposed abandonment will have no adverse environmental effects on matters for which the Natural Resources Conservation Service is responsible. See Exhibit 5. A copy of this Report is being supplied to the USDA Natural Resources Conservation Service for its information and further comment.

(iii) The Line does not pass through a designated coastal zone.

(iv) The right-of-way involved does not appear to be suitable for alternative public use other than a recreational trail since it is located in rural, sparsely populated areas. The County intends to trail-bank the Line.

*(4) Energy. (i) Describe the effect of the proposed action on transportation of energy resources. (ii) Describe the effect of the proposed action on recyclable commodities. (iii) State whether the proposed action will result in an increase or decrease in overall energy efficiency and explain why. (iv) If the proposed action will cause diversions from rail to motor carriage of more than: (A) 1,000 rail carloads a year; or (B) an average of 50 rail carloads*

*per mile per year for any part of the affected line, quantify the resulting net change in energy consumption and show the data and methodology used to arrive at the figure given.*

(i) The proposed abandonment will have no effect on the transportation of energy resources.

(ii) The proposed abandonment will have no effect on the transportation of recyclable commodities.

(iii) The proposed abandonment will have no effect on overall energy efficiency as no local traffic has been handled on the Line in several years and the Line is not capable of handling overhead traffic.

(iv) The proposed abandonment will not cause diversions of rail traffic to motor carriage, since no local traffic has been handled on the Line in years and the Line is not capable of handling overhead traffic.

*(5) Air. (i) If the proposed action will result in either: (A) An increase in rail traffic of at least 100 percent (measured in gross ton miles annually) or an increase of at least eight trains a day on any segment of rail line affected by the proposal, or (B) an increase in rail yard activity of at lease 100 percent (measured by carload activity), or (C) an average increase in truck traffic of more than 10 percent of the average daily traffic or 50 vehicles a day on any affected road segment, quantify the anticipated effect on air emissions. For a proposal under 49 U.S.C. § 10901 (or § 10505) to construct a new line or reinstitute service over a previously abandoned line, only the eight train a day provision in sub-section (5)(i)(A) will apply. (ii) If the proposed action affects a class I or nonattainment area under the Clean Air Act, and will result in either: (A) an increase in rail traffic of at least 50 percent (measured in gross ton miles annually) or an increase of at least three trains a day on any segment of rail line; (B) an increase in rail yard activity of at least 20 percent (measured by carload activity); or (C) an average increase in truck traffic of more than 10 percent of the average daily traffic or 50 vehicles a day on a given road segment, then state whether any expected increased emissions are within the parameters established by the State Implementation Plan. However, for a rail construction under 49 U.S.C. § 10901 (or 49 U.S.C. § 10505), or a case involving the reinstitution of service over a previously abandoned line, only the three train a day threshold in this item shall apply. (iii) If transportation of ozone depleting materials (such as nitrogen oxide and freon) is contemplated, identify: the materials and quantity; the frequency of service; safety practices (including any speed restrictions); the applicant's safety record (to the extent available) on derailments, accidents and spills; contingency plans to deal with accidental spills; and the likelihood of an accidental release of ozone depleting materials in the event of a collision or derailment.*

(i) The proposed abandonment will not result in meeting or exceeding the specified thresholds.

(ii) The proposed abandonment will not result in meeting or exceeding the specified thresholds.

(iii) The proposed abandonment will not affect the transportation of ozone depleting materials.

*(6) Noise. If any of the thresholds identified in item (5)(i) of this section are surpassed, state whether the proposed action will cause: (i) an incremental increase in noise levels of three decibels Ldn or more; or (ii) an increase to a noise level of 65 decibels Ldn or greater. If so, identify sensitive receptors (e.g., schools, libraries, hospitals, residences, retirement*

*communities, and nursing homes) in the project area, and quantify the noise increase for these receptors if the thresholds are surpassed.*

Not applicable

*(7) <u>Safety</u>. (i) Describe any effects of the proposed action on public health and safety (including vehicle delay time at railroad grade crossings). (ii) If hazardous materials are expected to be transported, identify: the materials and quantity; the frequency of service; whether chemicals are being transported that, if mixed, could react to form more hazardous compounds; safety practices (including any speed restrictions); the applicant's safety record (to the extent available) on derailments, accidents and hazardous spills; the contingency plans to deal with accidental spills; and the likelihood of an accidental release of hazardous materials. (iii) If there are any known hazardous waste sites or sites where there have been known hazardous materials spills on the right-of-way, identify the location of those sites and the types of hazardous materials involved.*

(i) The proposed abandonment will have no detrimental effects on public health and safety. The removal of grade crossings and the associated signs and structures will enhance public safety by eliminating distractions to vehicular traffic crossing the Line.

(ii) The proposed abandonment will not affect the transportation of hazardous materials.

(iii) There are no known hazardous material waste sites or sites where known hazardous material spills have occurred on or along the rail corridor of the Line.

*(8) <u>Biological Resources</u>. (i) Based on consultation with the U.S. Fish and Wildlife Service, state whether the proposed action is likely to adversely affect endangered or threatened species or areas designated as a critical habitat, and if so, describe the effects. (ii) State whether wildlife sanctuaries or refuges, National or State parks or forests will be affected, and describe any effects.*

(i) The proposed abandonment will not have an adverse affect on endangered or threatened species or areas designated as a critical habitat. The County notified the U.S. Fish and Wildlife Service of the proposed abandonment and requested assistance in determining whether endangered or threatened species or areas designated as a critical habitat are likely to be adversely affected. See Exhibit 6. According to the U.S. Fish and Wildlife Service, the proposed abandonment will have no adverse impacts to fish and wildlife resources, including threatened and endangered species. See Exhibit 7. A copy of this Report is being supplied to the U.S. Fish and Wildlife Service for its information and further comment.

(ii) The County does not believe that any wildlife sanctuaries or refuges, National or State parks or forests would be adversely affected by the proposed abandonment. The County notified the National Parks Service of the proposed abandonment and requested assistance in identifying any potential effects on wildlife sanctuaries or refuges, National or State parks or forests. See Exhibit 8. To date, no response to this request has been received. A copy of this Report is being supplied to the National Park Service for its information and comment.

*(9) Water. (i) Based on consultation with State water quality officials, state whether the proposed action is consistent with applicable Federal, State or local water quality standards. Describe any inconsistencies. (ii) Based on consultation with the U.S. Army Corps of Engineers, state whether permits under section 404 of the Clean Water Act (33 U.S.C. § 1344) are required for the proposed action and whether any designated wetlands or 100-year flood plains will be affected. Describe the effects. (iii) State whether permits under section 402 of the Clean Water Act (33 U.S.C. § 1342) are required for the proposed action.*

(i) The County is confident that the proposed abandonment will be consistent with applicable water quality standards. The County contacted the Kansas Department of Health and Environment and the U.S. Environmental Protection Agency concerning this matter

requesting assistance in determining whether the proposed abandonment is consistent with applicable Federal, State, or local water quality standards. See Exhibit 9. To date, no response to these requests has been received. A copy of this Report is being supplied to the U.S. Environmental Protection Agency and the Kansas Department of Health and Environment for their information and comment.

(ii) The County is confident that no designated wetlands or 100-year flood plains will be adversely affected by the proposed abandonment. The County contacted the Corps of Engineers concerning these matters. See Exhibit 10. According to the Corps of Engineers, no Department of Army permit authorization will be required for the proposed abandonment. See Exhibit 11. A copy of this Report is being supplied to the U.S. Army Corps of Engineers for its information and further comment.

(iii) The County believes the proposed abandonment will not require the issuance of any permits under Section 402 of the Clean Water Act. The County contacted the U.S. Environmental Protection Agency concerning this matter and requested assistance in identifying any potential effects on applicable water quality standards and determining whether the proposed abandonment is consistent with applicable Federal, State, or local water quality standards. See Exhibit 9. To date, no response to this request has been received. A copy of this Report is being supplied to the U.S. Environmental Protection Agency for its information and comment.

*(10)* *Proposed Mitigation*. *Describe any actions that are proposed to mitigate adverse environmental impacts, indicating why the proposed mitigation is appropriate.*

The County does not expect any adverse environmental impact from the proposed abandonment and, therefore, sees no need for any mitigating actions. The County will, of course, adhere to any remedial actions suggested by the recipients of this Report and required by the Board.

**EXHIBIT E**

**HISTORIC REPORT**

(49 C.F.R. 1105.8)

**Docket No. AB-870**

**BUTLER COUNTY, KS**
**--ABANDONMENT EXEMPTION--**
**IN BUTLER COUNTY, KANSAS**

The Historic Report should contain the information required by 1105.7(e)(1) of the Environmental Report. The following is excerpted from the Environmental Report prepared for the proposed abandonment:

*(1) Proposed Action and Alternatives. Describe the proposed action, including commodities transported, the planned disposition (if any) of any rail line and other structures that may be involved, and any possible changes in current operations or maintenance practices. Also describe any reasonable alternatives to the proposed action. Include a readable, detailed map and drawings clearly delineating the project.*

Butler County, Kansas (the "County") proposes to abandon its 10.6-mile rail line located between milepost 483.62, at Augusta, and milepost 494.22, near Andover in Butler County, Kansas (the "Line"). Upon receipt of abandonment authority, the County intends to remove the rail, track material, and crossties. There are currently no plans to remove the two bridge structures on the Line.

The County acquired the Line by donation from The Burlington Northern And Santa Fe Railway Company.[1] The Line was out of service when the County acquired it in 2001. The County had intended to rehabilitate the Line and locate an operator in order to preserve rail service in the area. The County, however, has not been able to locate a suitable operator and

---

[1] *See* STB Docket No. 34139, *Butler County, Kansas – Acquisition Exemption – The Burlington Northern And Santa Fe Railway Company* (not printed), served January 11, 2002.

has thus decided to abandon the Line. To the best of the County's knowledge, no traffic has moved over the Line in years. Since December 2001, no local traffic has moved over the Line. The Line is stub-ended and, therefore, not capable of handling overhead traffic.

The Line has had no traffic in recent years. In addition, no maintenance has been performed on this dormant Line for some time. Therefore, the proposed abandonment will have no impact on rail freight operations and maintenance practices on the Line.

The only alternative to abandonment would be not to abandon the Line thereby forcing the County to pass the opportunity costs of retaining the Line on to its citizens. This would not be a prudent use of the County's resources.

A map of the proposed abandonment is attached hereto as Exhibit 1.

**HISTORIC REPORT**

1. *A U.S.G.S. topographic map (or alternate map drawn to scale and sufficiently detailed to show buildings and other structures in the vicinity of the proposed action) showing the location of the proposed action, and the locations and approximate dimensions of railroad structures that are 50 years old or older and are part of the proposed action;*

A map and the identification of all structures on the Line that are 50 years old or older have been supplied to the Kansas State Historical Society ("KSHS"). See Exhibit 2.

2. *A written description of the right of way (including approximate widths, to the extent known), and the topography and urban and/or rural characteristics of the surrounding area;*

The right-of-way is predominately 100 feet in width. The 10.6-mile rail Line is located between Augusta and Andover, in Butler County, Kansas, beginning at milepost 483.62, at Augusta, and running generally in a westerly direction to the end of the line at milepost 494.22, near Andover. The Line crosses through predominately flat, rural areas.

3. *Good quality photographs (actual photographic prints, not photocopies) of railroad structures on the property that are 50 years old or older and of the immediate surrounding area;*

The only structures on the Line associated with the proposed abandonment that may be 50 years old or older are two bridges. The two bridges are of quite common design and construction and of no historical significance. Pictures of the bridges are contained in Exhibit 2.

4. *The date(s) of construction of the structure(s), and the date(s) and extent of any major alterations, to the extent such information is known;*

There are two bridges located on the Line which may be fifty years old or older. See Exhibit 2. The County is not in possession of any engineering documents regarding the maintenance or repair of these bridges.

5. *A brief narrative history of carrier operations in the area, and an explanation of what, if any, changes are contemplated as a result of the proposed action;*

The Line was originally constructed by the St. Louis, Wichita & Western Railway Company ("SLW&W") and formed a part of the Oswego to Wichita line. Construction began in 1879 and was completed by May 1880. Upon completion of the line, the SLW&W was merged into the St. Louis & San Francisco Railroad ("Frisco"). In 1980, the Frisco merged with the Burlington Northern ("BN") and in 1995 the BN merged with The Atchison, Topeka and Santa Fe Railway Company to form the BNSF. After World War II, a Mobil refinery in Augusta was a major customer on the Line. In the mid-1980's, the Line was utilized to serve the refinery and an aircraft plant. By the mid-1990's, all operations on the Line had ceased.

The Line is in poor condition and has not seen any traffic in recent years. In order to restart freight operations, significant rehabilitation would be required. Because no traffic has

moved on the Line in about ten years, no changes to current transportation patterns are anticipated upon the abandonment of the Line.

6. *A brief summary of documents in the carrier's possession, such as engineering drawings, that might be useful in documenting a structure that is found to be historic;*

There are no available individual drawings for the two bridges on the Line. Each of the bridges is quite common in design and construction and is of no historical significance. They are typical of many bridges found throughout North America.

7. *An opinion (based on readily available information in the railroad's possession) as to whether the site and/or structures meet the criteria for listing on the National Register of Historic Places (36 C.F.R. 60.4), and whether there is a likelihood of archeological resources or any other previously unknown historic properties in the project area, and the basis for these opinions (including any consultations with the State Historic Preservation Office, local historical societies or universities);*

The two bridges are quite common in design and construction. None has any historical significance as to the history of railroad construction or operation. The KSHS has reviewed the proposed abandonment and determined that "it should not affect any property listed on the National Register of Historic Places or otherwise in our files as having historical significance." See Exhibit 3. There are also no known archeological resources in the project area.

8. *A description (based on readily available information in the railroad's possession) of any known prior subsurface ground disturbance or fill, environmental conditions (naturally occurring or manmade) that might affect the archeological recovery of resources (such as swampy conditions or the presence of toxic waste), and the surrounding terrain.*

There are no existing records as to the nature of any known subsurface ground disturbance or fill, or environmental condition that might affect the archeological recovery of any potential resources.

9. *Within 30 days of receipt of the historic report, the State Historic Preservation Officer may request the following additional information regarding specific non railroad owned properties or groups of properties immediately adjacent to the railroad right-of-way: photographs of specified properties that can be readily seen from the railroad right-of-way (or other public rights-of-way adjacent to the property) and a written description of any previously discovered archeological sites, identifying the location and type of the site (i.e. prehistoric or native American).*

The County does not foresee the likelihood that any additional information will need to be supplied in association with the proposed line abandonment other than that information previously submitted. But, if any additional information is requested, the County will promptly supply the necessary information.

211738

AUG 5 2004
RECEIVED

Mr. Vernon A. Williams
Secretary
Surface Transportation Board
1925 K Street, N.W.
Washington, DC 20423

Re: Butler County, Kansas—Abandonment Exemption—Butler County, KS
STB Docket No. AB-870X

Dear Secretary Williams:

Please accept the additional $50.00 fee attached for a total $200, as we were not aware of the filing change. This comment is filed on behalf of Prairie Travelers, Inc. a not-for-profit organization which was issued a Notice of Interim Trail Use for a rail line in Sedgwick County, Kansas [STB Docket AB-406 (Sub No. 14X) service date December 2, 2002].

By my signature below, I certify service upon the County of Butler, Kansas by U.S. Mail, postage prepaid, first class, this 4th day of August, 2004.

Respectfully submitted,

Cecile B. Kellenbarger

Cecile B. Kellenbarger
Treasurer, Prairie Travelers, Inc.
7211 Bainbridge
Wichita, Kansas 67226

ENTERED
Office of Proceedings

AUG - 4 2004

Part of
Public Record

Mr. Vernon A. Williams
Secretary
Surface Transportation Board
12th & Constitution Ave., N.W.
Washington, DC 20423

JUL 30 2004
RECEIVED

Re: Butler County, Kansas—Abandonment Exemption—Butler County, KS
STB Docket No. AB-870X

Dear Secretary Williams:

This comment should be treated as a protest or petition for reconsideration in the above-captioned proceeding. This comment is filed on behalf of Prairie Travelers, Inc. a not-for-profit organization which was issued a Notice of Interim Trail Use for a rail line in Sedgwick County, Kansas [STB Docket AB-406 (Sub No. 14X) service date December 2, 2002] and hereinafter referred to as "Commenter".

While not taking a position on the merits of this abandonment, Commenter requests issuance of a Public Use Condition as well as a Notice of Interim Trail Use rather than an outright abandonment authorization between railroad milepost 483.62 near Augusta and railroad milepost 494.72 near Andover a distance of 10.6 miles in Butler County, Kansas.

Public Use Condition

Commenter requests the STB to find that this property is suitable for other public use, specifically trail use, and to place the following conditions on the abandonment:

An order prohibiting the carrier from disposing of the corridor, other than the tracks, ties and signal equipment, except of public use on reasonable terms. The justification for this condition is that the corridor will connect with a planned rail-trail between Wichita and Andover which the City of Wichita plans to develop. This latter trail will ultimately connect with Commenter's railbanked corridor within Sedgwick County. The corridor would make an excellent recreational trail and conversion of the property to trail use is in accordance with local plans. In addition, the corridor provides important wildlife habitat and greenspace and its preservation as a recreational trail is consistent with that end. The time period sought is 180 days from the effective date of the abandonment authorization. Commenter needs that much time because we have not had an opportunity to commence negotiations with the carrier.

An order barring removal or destruction of potential trail-related structures such as bridges, trestles, culverts and tunnels as well as rock ballast. The justification for this condition is that these structures and surfacing have considerable value for recreational trail purposes. The time period requested is 180 days from the effective date of the abandonment authorization for the same reason as indicated above.

ENTERED
Office of Proceedings
AUG - 4 2004
Part of
Public Record

Interim Trail Use

The railroad right-of-way in this proceeding is suitable for railbanking. In addition to the public use conditions sought above, Commenter also makes the following request:

**STATEMENT OF WILLINGNESS TO ASSUME FINANCIAL RESPONSIBILTY**

In order to establish interim trail use and railbanking under Section 8(d) of the National Trails system Act, 16 U.S.C. &1247(d), and 49 C.F.R. &1152.29, Prairie Travelers, Inc. is willing to assume full responsibility for management of, for any legal liability arising out of the transfer or use of, and for the payment of any and all taxes that may be levied or assessed against the right-of-way owned by the County of Butler, Kansas.

The property, known as extends from railroad milepost 483.62 near Augusta to railroad milepost 494.72 near Andover a distance of 10.6 miles in Butler County, Kansas. The right-of-way is part of a line of railroad proposed for abandonment in STB Docket No. AB-870X.

A map depicting the right-of-way is attached.

Prairie Travelers, Inc. acknowledges that use of the right-of-way is subject to the user's continuing to meet its responsibilities described above and subject to possible future reconstruction and reactivation of the right-of-way for rail service.

Intentions of Butler County, Kansas

In conversations with the administrator of the Butler County, Kansas (hereinafter "County") it was determined that the County intends to railbank the rail line but not develop a trail in the corridor. The County only intends to railbank the line for possible use as a corridor for underground utilities. Congress clearly intended under Section 8(d) that recreational trails be constructed on former railroad beds while the rail corridors are held in a "rail bank". A railbanker cannot use the Act for its own purposes. A railbanker must intend to construct a trail when applying under Section 8(d) for railbanking/interim trail use. Under Kansas law (K.S.A. 58-3213) a nongovernmental trail user must present a final project plan to affected counties and cities. Further, it must develop the trail within two years if the rail corridor lies solely within one county. Although these provisions apply only to nongovernmental entities, it can also be asserted that a governmental entity which is serious about developing a trail should prepare a project plan. Further, Federal courts have ruled that subsurface rights are held by the underlying fee holder and not the holder of the rail rights-of-way or easements. Thus, the County cannot legally place subsurface underground utilities within the rail corridor without purchasing subsurface rights from adjacent landowners. So, in essence if the County railbanks the corridor it would be holding the corridor for no purpose whatsoever. Clearly, the County will be misusing the Trails Act if it applies for a NITU if it has no intention of constructing a trail. Thus, Commenter requests that the STB issue a Notice of Interim Trail Use to Commenter and not issue a Notice of Interim Trail Use to the County unless it can provide clear and convincing evidence it will develop a trail within a reasonable period of time.

By my signature below, I certify service upon the County of Butler, Kansas by U.S. Mail, postage prepaid, first class, this 28th day of July, 2004.

Respectfully submitted,

Cecile B. Kellenbarger

Cecile B. Kellenbarger
Treasurer, Prairie Travelers, Inc.
7211 Bainbridge
Wichita, Kansas 67226




Biery v. US, No. 07-693L & 07-675L
Defendant's Exhibit 4
Page 4 of 4

09/09/2004 10:59 FAX 2027836947 BALL JANIK LLP 002/002

BALL JANIK LLP

ATTORNEYS

1455 F STREET, NW, SUITE 225
WASHINGTON, D.C. 20005
www.balljanik.com
TELEPHONE 202-638-3307
FACSIMILE 202-783-6947

KARL MORELL

kmorell@bjllp.com

SEP 9 2004 RECEIVED

211860

September 9, 2004

The Honorable Vernon Williams
Secretary
Surface Transportation Board
1925 K Street, N.W., Suite 715
Washington, DC 20423-0001

Re: STB Docket No. AB-870X, Butler County, Kansas – Abandonment Exemption -- In Butler County, KS

Dear Secretary Williams:

This is in response to the request dated July 28, 2004, by Prairie Travelers, Inc. ("Prairie Travelers"), for issuance of a Notice of Interim Trail Use ("NITU"), under the National Trails System Act, 16 U.S.C. § 1247(d), for the 10.6-rail line authorized for abandonment in this proceeding.

Butler County hereby notifies the Board that the County has not consummated the abandonment of the lines and is willing to negotiate for trail use with Prairie Travelers.

If you have any questions concerning this matter, please call me.

Sincerely,

Karl Morell

Karl Morell

cc: Cecile B. Kellenbarger

ENTERED
Office of Proceedings

SEP 09 2004

Part of
Public Record

09/09/2004 10:58 FAX 2027836947 BALL JANIK LLP 001/002

SEP 07 2004 RECEIVED

BALL JANIK LLP
ATTORNEYS
1455 F STREET, NW, SUITE 225
WASHINGTON, D.C. 20005

TELEPHONE 202-638-3307
FACSIMILE 202-783-6947

## TELECOPY TRANSMISSION FORM

| | | | |
|---|---|---|---|
| SEND TO: | Taledia Stokes | DATE: | 09/09/04 |
| COMPANY: | | | |
| FROM: | Karl Morell | | |
| CLIENT NO: | | | |
| TELECOPY NO: | 565-9002 | | |
| VERIFICATION NO: | | | |
| OPERATOR: | | | |

NUMBER OF PAGES TRANSMITTED (INCLUDING COVER SHEET): 2

## COMMENTS

*********************************

CONFIDENTIALITY NOTICE
THIS COMMUNICATION MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND/OR CONFIDENTIAL. IT IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR AN AGENT OR EMPLOYEE RESPONSIBLE FOR DELIVERING THE DOCUMENT TO THE INTENDED RECIPIENT, YOU MAY NOT READ, DISSEMINATE, COPY OR DISTRIBUTE THIS INFORMATION. IF YOU RECEIVE THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

PLEASE CALL IF THIS TRANSMITTAL IS INCOMPLETE OR UNREADABLE.

213898

BUTLER COUNTY
ECONOMIC DEVELOPMENT

ENTERED
Office of Proceedings
MAY 02 2005
Part of
Public Record

MAY 2 2005
RECEIVED

April 26, 2005

The Honorable Vernon A. Williams
Secretary
Surface Transportation Board
1925 K. Street NW Suite 715
Washington, DC 20423

FILING FEE WAIVED

RE: STB DOCKET No. AB-870X, Butler County, Kansas - Abandonment Exemption - In Butler County, KS.

Dear Secretary Williams:

Butler County, Kansas, a governmental entity of the State of Kansas, pursuant to 49 C.F.R. 1152.29 expresses its interest in acquiring for interim trail use and rail banking under the National Trails System Act, 16 U.S.C. 1247(d), and 49 C.F.R. 1152.29, the right-of-way of Butler County authorized for abandonment in STB Docket No. 870X.

Butler County is a government entity of the State of Kansas and as such requests a waiver of the STB filing fee of $200.00 dollars.

The abandonment authorization has not yet been exercised by Butler County. The line is scheduled to be salvaged. No notice of consummation has been filed with the Board. Accordingly, the rail line remains subject to the Board's jurisdiction to issue a Decision and Notice of Interim Trails Use or Abandonment.

**STATEMENT OF WILLINGNESS**
**TO ASSUME FINANCIAL RESPONSIBILITY**

In order to establish interim trail use and rail banking under section 8(d) of the National Trails System Act, 16 U.S.C. 1247(d) and 49 C.F.R. 1152.29, Butler County is willing to assume full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against the right-of-way owned by Butler County, identified below.

Biery v. US, No. 07-693L & 07-675L
Defendant's Exhibit 6
Page 1 of 3

121 S. Gordy • El Dorado, Kansas 67042

Phone: 316-322-4242 Fax: 316-322-4245 E-Mail: bced@bucoks.com

The property is located between railroad milepost 483.62, at Augusta, and milepost 494.22, near Andover, in Butler County, KS. The right-of-way is the subject of an exemption for abandonment in STB Docket No. AB-870X.

Butler County acknowledges that use of the right-of-way is subject to the users continuing to meet its responsibilities described above and subject to possible future reconstruction and reactivation of the right-of-way for rail service.

A map depicting the right-of-way is attached. The right-of-way to be rail banked and used on an interim basis for a trail is colored in yellow. By my signature below, I certify service upon Karl Morell, Attorney for Butler County by U.S. Mail, postage prepaid, this April 26, 2005.

Respectfully submitted

Mike Wheeler, Chairman

Mike Wheeler, Chairman of the Board
On behalf of Butler County Board of Commissioners

Approved: [signature]
Norman Manley, County Counsel

Cc: County Administrator
County Clerk
BCED




Biery v. US, No. 07-693L & 07-675L
Defendant's Exhibit 6
Page 3 of 3

BALL JANIK LLP

ATTORNEYS

1455 F STREET, NW, SUITE 225
WASHINGTON, D.C. 20005
www.balljanik.com
TELEPHONE 202-638-3307
FACSIMILE 202-783-6947

KARL MORELL

kmorell@bjllp.com

214034

May 16, 2005

ENTERED
Office of Proceedings
MAY 20 2005
Part of
Public Record

MAY 20 2005
RECEIVED

The Honorable Vernon Williams
Secretary
Surface Transportation Board
1925 K Street, N.W., Suite 715
Washington, DC 20423-0001

Re: STB Docket No. AB-870X, Butler County, Kansas – Abandonment Exemption -- In Butler County, KS

Dear Secretary Williams:

This is in response to the request dated April 26, 2005, by the Butler County Board of Commissioners ("Butler County"), for issuance of a Notice of Interim Trail Use ("NITU"), under the National Trails System Act, 16 U.S.C. § 1247(d), for the 10.6-rail line authorized for abandonment in this proceeding.

By decision issued September 14, 2004, the Surface Transportation Board ("Board") issued a NITU at the request of Prairie Travelers, Inc. Butler County was unable to reach an agreement with that organization and that NITU expired on March 13, 2005.

Butler County hereby notifies the Board that the County has not consummated the abandonment of the line and that the County intends to railbank the line.

If you have any questions concerning this matter, please call me.

Sincerely,

Karl Morell
Karl Morell
Attorney for Butler County

cc: Larry Powell

Biery v. US, No. 07-693L & 07-675L
Defendant's Exhibit 7
Page 1 of 1

214055

BALL JANIK LLP

ATTORNEYS

1455 F Street, NW, Suite 225
Washington, D.C. 20005
www.balljanik.com
Telephone 202-638-3307
Facsimile 202-783-6947

Karl Morell

kmorell@bjllp.com

May 23, 2005

RECEIVED MAY 23 2005

The Honorable Vernon Williams
Secretary
Surface Transportation Board
1925 K Street, N.W., Suite 715
Washington, DC 20423-0001

Re: STB Docket No. AB-870X, Butler County, Kansas – Abandonment Exemption -- In Butler County, KS

Dear Secretary Williams:

This is to supplement the letter dated May 16, 2005 regarding the request by the Butler County Board of Commissioners for the issuance of a Notice of Interim Trail Use in this proceeding. Butler County hereby notifies the Board that it is willing to negotiate for interim trail use.

If you have any questions concerning this matter, please call me.

Sincerely,

Karl Morell

Karl Morell
Attorney for Butler County

cc: Larry Powell

ENTERED
Office of Proceedings
MAY 24 2005
Part of
Public Record

Biery v. US, No. 07-693L & 07-675L
Defendant's Exhibit 8
Page 1 of 2

BALL JANIK LLP

ATTORNEYS

1455 F STREET, NW, SUITE 225
WASHINGTON, D.C. 20005
www.balljanik.com
TELEPHONE 202-638-3307
FACSIMILE 202-783-6947

ENTERED
Office of Proceedings
2 2005
Part of
Public Record

KARL MORELL kmorell@bjllp.com

May 23, 2005

214087

MAY 27 2005
RECEIVED

The Honorable Vernon Williams
Secretary
Surface Transportation Board
1925 K Street, N.W., Suite 715
Washington, DC 20423-0001

Re: STB Docket No. AB-870X, Butler County, Kansas – Abandonment Exemption -- In Butler County, KS

Dear Secretary Williams:

This is to supplement the letter dated May 16, 2005 regarding the request by the Butler County Board of Commissioners for the issuance of a Notice of Interim Trail Use in this proceeding. Butler County hereby notifies the Board that it is willing to negotiate for interim trail use.

If you have any questions concerning this matter, please call me.

Sincerely,

Karl Morell

Karl Morell
Attorney for Butler County

cc: Larry Powell

Biery v. US, No. 07-693L & 07-675L
Defendant's Exhibit 8
Page 2 of 2

214125

BALL JANIK LLP

ATTORNEYS

1455 F STREET, NW, SUITE 225
WASHINGTON, D.C. 20005

www.balljanik.com

TELEPHONE 202-638-3307
FACSIMILE 202-783-6947

KARL MORELL

kmorell@bjllp.com

JUN 3 2005 RECEIVED

June 3, 2005

The Honorable Vernon Williams
Secretary
Surface Transportation Board
1925 K Street, N.W., Suite 715
Washington, DC 20423-0001

Re: STB Docket No. AB-870X, Butler County, Kansas – Abandonment Exemption -- In Butler County, KS

Dear Secretary Williams:

On June 2, 2005, the Surface Transportation Board ("Board") granted Butler County Economic Development's ("BCED") request for the issuance of a NITU for the rail line located between milepost 483.62, at Augusta, and milepost 494.22, near Andover, in Butler County, KS (the "Line").

Butler County hereby notifies the Board that on this June 3rd, Butler County and BCED consummated a trail use/rail banking agreement for the Line.

If you have any questions concerning this matter, please call me.

Sincerely,

Karl Morell
Attorney for Butler County

cc: Larry Powell

ENTERED
Office of Proceedings
JUN
Part of
Public Record



Biery v. US, No. 07-693L & 07-675L
Defendant's Exhibit 9