**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DOROTHY L. BIERY, *et al.*, and<br><br>JERRAMY and ERIN PANKRATZ, for Themselves and a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Case No. 1:07-cv-693 (Consolidated with Case No. 1:07-cv-695)<br><br>Honorable Nancy B. Firestone |

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT IN RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

COME NOW, Plaintiffs, by and through their undersigned counsel, and pursuant to RCFC 56 (d)(1) file with this Court their Proposed Findings of Uncontroverted Fact in Response to Defendant's Cross Motion for Summary Judgment on the issue of the federal government's liability for taking the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) without paying "just compensation" as required by the Fifth Amendment to the United States Constitution. For its Proposed Findings of Uncontroverted Fact Plaintiffs state as follows:

## PANKRATZ FACTS

**Ownership of the Butler County Right of Way**

1. The right of way at issue in Pankratz (hereinafter the "Butler County Right of Way") was created by a Condemnation Decree dated November 4, 1879, and a conveyance from William and Ann Chase to the St. Louis Wichita & Western Railway, Co. dated November 3, 1879. A copy of the original and a transcribed version of the Condemnation Decree are attached as Tab 1 and Tab 1-A.

2. The William and Ann Chase conveyance, attached to Defendant's Memorandum of Law in Support of its Cross Motion for Summary Judgment at Exhibit 10-2, is attached at Tab 2 and a transcribed version of this conveyance is attached at Tab 2-A.

3. The parties agree that this Condemnation Decree and conveyance from William and Ann Chase conveyed to the railroad an easement and not fee simple title to the land underlying the easement.

**Butler County Tax Records Reflect that All Plaintiffs Paid Taxes on The Land Described in Their Deeds on September 14, 2004, The Date of Taking**

Jerramy and Erin Pankratz

4. Plaintiffs Jerramy and Erin Pankratz paid taxes before the date of taking, and continue to pay taxes, on their property described in the Warranty Deed attached as Tab B to Plaintiffs' Proposed Findings of Fact. A copy of the Butler County, Kansas, tax records showing Jerramy and Erin Pankratz paid taxes on the land is attached at Tab 3.

5. Butler County tax records show the railroad does not pay taxes on the portion of the Butler County Right of Way that runs over and across the Pankratz' land. See Tab 3-A, a copy of the tax records for the portion of the right of way abutting and underlying the Pankratz' property.

Donald and Evangeline Wedell

6. Plaintiffs Donald and Evangeline Wedell paid taxes before the date of taking, and continue to pay taxes, on their property described in the Warranty Deed attached as Tab E to Plaintiffs' Proposed Findings of Fact. A copy of the Butler County, Kansas, tax records showing Donald and Evangeline Wedell paid taxes on the land is attached at Tab 4.

7. Butler County tax records show the railroad does not pay taxes on the portion of the Butler County Right of Way that runs over and across the Wedells' land. See Tab 4-A, a copy of the tax records for the portion of the right of way abutting and underlying the Wedells' property.

Thad Colling and Jennifer McLaughlin

8. Plaintiffs Thad Colling and Jennifer McLaughlin paid taxes before the date of taking, and continue to pay taxes, on their property described in the Stautory Warranty Deed attached as Tab F to Plaintiffs' Proposed Findings of Fact. A copy of the Butler County, Kansas, tax records showing Thad Colling and Jennifer McLaughlin paid taxes on the land is attached at Tab 5.

9. Butler County tax records show the railroad does not pay taxes on the portion of the Butler County Right of Way that runs over and across the Thad Colling and Jennifer McLaughlin's land. See Tab 5-A, a copy of the tax records for the portion of the right of way abutting and underlying Thad Colling and Jennifer McLaughlin's property.

The Thick Gon Mar Trust

10. Plaintiff The Thick Gon Mar Trust paid taxes before the date of taking, and continues to pay taxes, on its property described in the Quitclaim Deed attached as Tab G to Plaintiffs' Proposed Findings of Fact. A copy of the Butler County, Kansas, tax records showing The Mar Trust paid taxes on the land is attached at Tab 6.

11. Butler County tax records show the railroad does not pay taxes on the portion of the Butler County Right of Way that runs over and across The Mar Trust's land. See Tab 6-A, a copy of the tax records for the portion of the right of way crossing the Trust's property.

Michael and Marcia Woods

12. Plaintiffs Michael and Marcia Woods paid taxes before the date of taking, and continue to pay taxes, on its property described in the Warranty Deed attached as Tab H to Plaintiffs' Proposed Findings of Fact. A copy of the Butler County, Kansas, tax records showing Michael and Marcia Woods paid taxes on the land is attached at Tab 7.

13. Butler County tax records show the railroad does not pay taxes on the portion of the Butler County Right of Way that runs over and across Michael and Marcia

Woods' land. See Tab 7-A, a copy of the tax records for the portion of the right of way abutting and underlying Michael and Marcia Woods' property.

Floyd and Becky Myers

14. Plaintiffs Floyd and Becky Myers paid taxes before the date of taking, and continue to pay taxes, on its property described in the Quitclaim Deed attached as Tab I to Plaintiffs' Proposed Findings of Fact. A copy of the Butler County, Kansas, tax records showing Floyd and Becky Myers paid taxes on the land is attached at Tab 8.

15. Butler County tax records show the railroad does not pay taxes on the portion of the Butler County Right of Way that runs over and across Floyd and Becky Myers' land. See Tab 8-A, a copy of the tax records for the portion of the right of way abutting and underlying Floyd and Becky Myers' property.

## BIERY FACTS

**Ownership of the Reno County Right of Way**

16. The right of way at issue in the Biery case (hereinafter the "Reno County Right of Way") was created by two condemnation decrees and five subsequent conveyances.

17. The Government attaches the affidavit of Cindi A.R. Straup as Exhibit 22 to its Memorandum in Support of its Motion for Cross Summary Judgment. In this Exhibit, Ms. Straup references and attaches five additional subsequent conveyances. All of these subsequent conveyances granted only an easement to the railroad.

**The Five Voluntary Conveyances**

The Rose Arnold Warranty Deed

18. The Rose Arnold Warranty Deed is attached to the Government's Memorandum in Support of its Cross Motion for Summary Judgment at Exhibit 22-2. A transcribed version of this deed is attached at Tab 9.

19. In this deed, the Atchison Topeka & Santa Fe Railway Company conveyed fee simple absolute title to Rose Arnold in 80 acres of land in Reno County. See Tab 9.

20. The Atchison Topeka & Santa Fe "reserved" for itself an easement over those 80 acres. See Tab 9.

21. Rose Arnold, therefore, owned the land abutting and underlying the Reno County Right of Way in fee simple absolute. Therefore, Dorothy L. Biery, as a successor in interest to Rose Arnold, also owns the land abutting and underlying the Reno County Right of Way that was subject to this deed. An abstract of Dorothy L. Biery's Chain of Title is attached at Tab 10.[1]

The Julia Fair Quitclaim Deed

22. The Julia Fair Quitclaim Deed is attached at Exhibit 22-4 to Defendant's Memorandum in Support of its Cross Motion for Summary Judgment. A transcribed version of the Julia Fair Quitclaim Deed is attached here at Tab 11.

---

[1] Plaintiffs have only attached those Plaintiffs' Chains of Title that are in dispute. However, should the Court deem it necessary, Plaintiffs will provide a full chain of title of each named Plaintiff.

23. In 1889, Julia Fair's husband, Thomas Fair, conveyed an easement to the Hutchinson, Oklahoma & Gulf Railway Company by Condemnation Order. See Defendant's Exhibit 22-3 attached to its Memorandum in Support of its Cross Motion for Summary Judgment.

24. The condemnation order granted the railroad only an easement.

25. In 1899, Julia Fair, then widowed, conveyed the same land by Quitclaim Deed to the Hutchinson & Southern Railway Company. See Tab 11.

26. The Julia Fair Quitclaim Deed was necessary to preserve the railroad's easement as her husband was the only person on the condemnation order and her and her husband Thomas jointly owned the land. Therefore, such quitclaim deed was necessary for the railroad to secure title to the easement.

27. The railroad did not gain any further interest in Ms. Fair's land than it held prior to the 1899 Julia Fair Quitclaim Deed. See Tab 11.

28. The Julia Fair Quitclaim Deed appears in the chains of title of two plaintiffs: The Julia R. Chalfant Trust and K.A.K. Farms. The Julia R. Chalfant Trust's chain of title is attached at Tab 12. K.A.K Farms chain of title is attached at Tab 13.

<u>The Irrigation Loan and Trust Co. Quitclaim Deed – March 1901</u>

29. In 1901, the Irrigation Loan & Trust Co. quitclaimed to the Atchison Topeka & Santa Fe Railway Company real estate described as, "The West sixty-six (66) feet of the west half (1/2) of the South Quarter (1/4) of Section number Twenty-Three (23) in Township Number Twenty-Three (23). Range number sixe (6) <u>East</u> in Reno

County, Kansas." The government has attached a copy of this quitclaim deed as Exhibit 22-5 to its Memorandum in Support of its Cross Motion for Summary Judgment. A transcribed copy is attached herein at Tab 14.

30. The quitclaim deed conveyed only an easement to the Atchison Topeka & Santa Fe Railway Company. See Tab 14.

31. The March 1901 Irrigation Loan & Trust Company Deed appears in the chain of title of two Plaintiffs: American Packaging Corporation and Collins Industries, Inc. A copy of the chain of title for American Packaging Corp. is attached at Tab 15. A copy of Collins Industries, Inc. chain of title is attached at Tab 16.

E. L. Rowland Quitclaim Deed

32. On or about 1896, E. L. Rowland quitclaimed a series of lots to the Hutchinson & Southern Railway Company. The government attached a copy of this quitclaim deed at Exhibit 22-6 to its Memorandum in Support of its Cross Motion for Summary Judgment. A transcribed copy of this quitclaim deed is attached herein at Tab 17.

33. The quitclaim deed states that that it is made "For and in consideration of $1.00 and the convenience of *all the right of way now occupied by said Railroad* in Blanchard's Third Addition to the City of South Hutchinson." See Tab 17.

34. This quitclaim deed conveyed to the Hutchinson & Southern Railway Company only an easement over the described lots listed in the deed. See Tab 17.

35. The E. L. Rowland Quitclaim Deed appears in the chain of title of American Packaging Corp. (Tab 15) and Collins Industries, Inc.(Tab 16).

The Irrigation Loan & Trust Company Quitclaim Deed – October 1901

36. The Irrigation Loan & Trust Company quitclaimed to the Atchison Topeka & Santa Fe Railway Company a series of lots in Blanchard's Third Addition to the City of South Hutchinson. A copy of this quitclaim deed is attached as Exhibit 22-7 to the Government's Memorandum in Support of its Cross Motion for Summary Judgment. A transcribed copy of this quitclaim deed is attached herein at Tab 18.

37. This quitclaim deed conveyed to the Atchison Topeka & Santa Fe Railway Company only an easement over the described series of lots listed in the deed. See Tab 18.

38. The October 1901 Irrigation Loan & Trust Co. Quitclaim Deed appears in the chain of title of American Packaging Corp. (Tab 15) and Collins Industries, Inc.(Tab 16).

**Reno County Tax Records Reflect that All Plaintiffs Paid Taxes on The Land Described in Their Deeds on April 8, 2004, The Date of Taking**

39. Plaintiff Dorothy L. Biery paid taxes before the date of taking, and continues to pay taxes, on her property described in the Warranty Deed attached as Tab D to Plaintiffs' Proposed Findings of Fact. A copy of the Reno County, Kansas, tax records showing Dorothy L. Biery paid taxes on the land is attached at Tab 19.

40. Plaintiff Gordon Holloway paid taxes before the date of taking, and continues to pay taxes, on his property described in the Probate Order attached as Tab E to Plaintiffs' Proposed Findings of Fact. A copy of the Reno County, Kansas, tax records showing Gordon Holloway paid taxes on the land is attached at Tab 20.

41. Gordon Holloway stipulates that he is claiming ownership to the land underlying the Reno County Right of Way that runs over and across the eastern boundary of his property. Accordingly, Mr. Holloway claims ownership of the western half of the Reno County Right of Way to the centerline. See Affidavit of Gordon A. Holloway attached at Tab 21.

42. Plaintiff The Stacy E. Judy Trust paid taxes before the date of taking, and continues to pay taxes, on its property described in the Quitclaim Deed attached as Tab F to Plaintiffs' Proposed Findings of Fact. A copy of the Reno County, Kansas, tax records showing The Stacy E. Judy Trust paid taxes on the land is attached at Tab 22.

43. The Stacy E. Judy Trust stipulates that it is claiming ownership to the land underlying the Reno County Right of Way that runs over and across the western boundary of its property. Accordingly The Stacy E. Judy Trust claims ownership of the eastern half of the Reno County Right of Way to the centerline. See Affidavit of William B. Tobin attached at Tab 23.

44. Plaintiff The Julia R. Chalfant Trust paid taxes before the date of taking, and continues to pay taxes, on its property described in the Trust Deed attached as Tab G to Plaintiffs' Proposed Findings of Fact. A copy of the Reno County, Kansas, tax records showing The Julia R. Chalfant Trust paid taxes on the land is attached at Tab 24.

45. Plaintiff K.A.K. Farms paid taxes before the date of taking, and continues to pay taxes, on its property described in the Warranty Deed attached as Tab H to Plaintiffs' Proposed Findings of Fact. A copy of the Reno County, Kansas, tax records showing K.A.K. Farms paid taxes on the land is attached at Tab 25.

46. Plaintiff American Packaging Corp. paid taxes before the date of taking, and continues to pay taxes, on its property described in the Warranty Deed attached as Tab I to Plaintiffs' Proposed Findings of Fact. A copy of the Reno County, Kansas, tax records showing American Packaging Corp. paid taxes on the land is attached at Tab 26.

47. Plaintiff Collins Industries Inc. paid taxes before the date of taking, and continues to pay taxes, on the property described in the Warranty Deed attached as Tab J to Plaintiffs' Proposed Findings of Fact. A copy of the Reno County, Kansas, tax records showing Collins Industries, Inc. paid taxes on the land is attached at Tab 27.

48. In 1984 Collins Industries Inc. conveyed the property to the City of South Hutchinson as shown in Tab J to Plaintiffs' Proposed Findings of Fact.

49. On October 26, 2006, the City of South Hutchinson conveyed the property to Collins Bus Corporation to Collins Industries Inc. by the Special Warranty Deed attached at Tab 28.

50. Five days later, on October 31, 2006, Collins Bus Corporation conveyed the land to Collins Industries Inc. by the Corporation General Warranty Deed attached as Tab 29.

51. Collins Industries Inc. did not have a deed to the property abutting and underlying the Reno County Right of Way on the date of taking. However, Plaintiffs maintain that Collins Industries Inc. has maintained all the indicia of ownership in that land, as shown by the fact that Collins Industries Inc. consistently paid taxes on this land over the past decade. See the tax records at Tab 27 which show a tax history of payment from 1997 through 2007.

52. Plaintiffs review of the tax records in Butler County did not reveal any portion of the right of way in which the railroad paid taxes. See results for all taxpayers in all three sections in which Plaintiffs' land is located in Township 23, Range 6 of Reno County: Section 35 at Tab 30; Section 23 Tab 30-A; and Section 26 at 30-B.

<u>The South Hutchinson Nature Trail</u>

53. The tracks and ties have been removed from the Reno County Right of Way. See Tab __, photographs of the Reno County Right of Way and affidavit of Richard Greever.

54. The South Hutchinson Nature Trail now exists over the Reno County Right of Way. See Tab __.

55. Signs along the trail designate the Reno County Right of Way as the "South Hutchinson Nature Trail." See Tab __.

56. These signs invite the public onto the land designated as the South Hutchinson Nature Trail. See Tab __.

Respectfully submitted,

LATHROP & GAGE L.C.

Date: July 25, 2008

/s/ Mark F. (Thor) Hearne, II
Mark F. (Thor) Hearne, II
Lindsay S.C. Brinton
Meghan S. Largent
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)
Thornet@ix.netcom.com

Attorneys for Plaintiffs