Dated for Record, May 15, 2893 at 11:30 a.m.
_________ Barrett
Reg. Deeds
Entered in transfer Record May 10, 1895
J.E. Eaton
County Clerk

Warranty Deed
A.T. & F.F. RR Co. to Rose J. Arnold.

No. 11202 Warranty Deed

This Indenture, made this 20th day of April one thousand eight hundred and ninety-five (1895) by and between the Atchison, Topeka and Santa Fe Railroad Company, a corporation doing business under the laws of the State of Kansas, party of the first part and Rose J. Arnold, widow and Hattie Arnold, Harry Arnold and _____ Arnold, children and sole surviving heirs at law of C.E. Arnold, deceased, and George H. Arnold, of the County of Reno, in the State of Kansas, parties of the second part:

Witnesseth, that the said Atchison, Topeka and Santa Fe Railroad Company for and in consideration of the sum of Thirteen Hundred and Sixty ($1360.00) Dollars to it duly paid by the said parties of the second part. The receipt whereof is hereby acknowledged, hath granted, bargained and sold, and by these presents ____ grant, bargain, sell and convey unto the said parties of the second part, their heirs and assigns forever, all that tract, piece and parcel of land situated in the County of Reno, in the Stateof Kansas, to wit: The North half (12/) of the North West quarter (1/4) of Secton No. Eleven (11) Township No. Twenty-Two (22) Range No. Seven (7) West of the Sixth Principal Meridian. Containing in all Eight (80) acres more or less according to the United States survey.

Reserving, however, to the said Atchison, Topeka and Santa Fe Railroad Company, all that portion of the land hereby conveyed, (if there be any such) which lies within lines around parallel with and fifty fee on each side distant, from the center line of said railroad as now constricted, and any greater width where necessary permanently to include all its cuts, encumbrances and ditches, and other _________ necessary to secure and protect the main line of said Railroad.

To Have and To Hold the said premises, with the ______________ unto the said parties of the second part, their heirs and assigns forever.

And the said Atchison, Topeka & Santa Fe Railroad Company hereby covenants with said parties of the second party, their heirs and assigns that it is lawfully seized of the premises aforesaid that said premises are free and clear of all encumbrances whatsoever and the said Atchison, Topeka & Santa Fe Railroad Company will forever warrant and defend the same with the appurtenances in the said parties of the second part,

**Appendix F**

their heirs and assigns against the lawful claims of all persons whomsoever , except taxes that may have been levied thereon for the year 1884 or subsequent thereto.

This deed is made in pursuance of and to carry out a contract of sale No. 11202 made the 14th day of March 1884 between the first party and C.E. Arnold and George H. Arnold and the above warranty does not apply against any act or omission of the said contactors above named, their heirs or assigns or against any lien or judgment recovered against them.

In Witness Whereof, the said Atchison, Topeka & Santa Fe Railroad Company has executed this deed by its officers thereunto duly authorized, this 27th day of April, 1895.

Atchison Topeka and Santa Fe Railroad Company
By: D.B. Robinson
Vice President

Attest:
E. M. wilder
Secretary

State of Illinois )
)SS
County of Cook

Be it Remembered that on the 27th day of April a.D. 1895 before me, a Notary Public in and for the county and state aforesaid, personally came the Atchison, Topeka and Santa Fe Railroad Company by D.B. Robinson who is personally known and known to me to be the same person who executed the foregoing deed as Vice President of said Railroad Company; and he duly acknowledged the execution of the same to be the act of the said Atchison, Topeka & Santa Fe Railroad Company.

In Testimony Whereof, I have hereunto set my hand and official seal, the day and year last above written.

E.C. Nettels
Notary Public
My Commission expires March 11-1894

Aldace F. Walker, John J. McCook and J.C. Wilson, Receivers of the property of the Atchison, Topeka & Santa Fe Railroad Company, duly appointed, hereby authorize, consent to and approve as such Receivers the foregoing Deed.

In Testimony whereof, the said Receivers of the property of the said Atchison, Topeka & Santa Fe Railroad Company have executed this approval this 27 day of April 1895.

Aldace F. Walker
John J. McCook
J. C. Wilson
Receivers

State of Illinois )
) SS
County of Cook)

Be it Remembered, that on this 27th day of April AD 1895 before me, a Notary Public within and for the county and state aforesaid, personally came Aldace F. Walker who is personally known to me and known by me to be the same person who executed the Atchison, Topeka & Santa Fe Railroad Company and he duly acknowledged the execution of the same to be his act as said Receiver.

In Testimony Whereof, I have hereunto set my hand an office seal, the day and year last written.

E.C. Nettels
Notary Public
My Commission expires March 11, 18

State of New York )
) SS
City/County of New York )

Be it Remembered, that on this 27th day of April AD 1895 before me, a Notary Public within and for the county and state aforesaid, personally came John J. McCook who is personally known to me and known by me to be the same person who executed the Atchison, Topeka & Santa Fe Railroad Company and he duly acknowledged the execution of the same to be his act as said Receiver.

In Testimony Whereof, I have hereunto set my hand an office seal, the day and year last written.

R. Da_______
Notary Public Kings _______
Certificate filed in New York County
My Commission expires March 30, 1896

No 11219 Warranty Deed.

This Indenture, made this 23rd day of March, one thousand eight hundred and ninety-five (1893) by and between the Atchison, Topeka and Santa Fe Railroad Company, a corporation doing business under the laws of the State of Kansas, party of the first part, and E.R. McLanghlin, of the County of Reno in the State of Kansas, party of the second part.

Witnesseth, That the said Atchison, Topeka & Santa Fe Railroad Company for and in consideration of the sum of Eleven Hundred and Forty ($1140.00) Dollars to it duly paid by the said E.R. McLanghlin. The receipt whereof is hereby acknowledged, hath granted, bargained and sold, and by these presents do grant, bargain, sell and convey unto the said party of the second part, his heirs and assigns forever, all that tract; piece and parcel of land situated in the County of Reno, in the State of Kansas to wit: The West half (1/2) of the South East quarter (1/4) of Section No. One (1) Township No. Twenty-Two (22) Range No. Seven (7) West of the Sixth Principal Meridian. Containing all Eight (80) acres, more or less, according to the United States survey.

Reserving, however, to the said Atchison, Topeka & Santa Fe Railroad Company, all that portion of the land hereby conveyed; if there be any such which lies within lines drawn parallel with, and fifty feet on each side distant, from the center line of said railroad, as now constructed, and any greater width where necessary permanently to include all its cuts, embankments and ditches and other works, necessary to secure and protect the main line of said railroad.

To Have and to Hold the said premises, with the ______ tenancies, unto the said party of the second part, his heirs and assigns forever. And the said Atchison, Topeaka & Santa Fe Railroad Company hereby covenants with said party of the second part, his heirs and assigns that it is lawfully seized of the premises aforesaid assign that said premises are free and clear of all encumbrances whatsoever; and that said Atchinson, Topeka & Santa Fe Railroad Company will forever __________ and defend the same, with the appurtenances, _____ ______ said party of the second part, his heirs and assigns against the lawful claims of all persons, whomsoever ______ taxes that may have been levied thereon for the year 1884, or subsequent thereto. This deed is made in pursuance of and to carryout a contract of said No. 1219 made the 25th day of March 1884, between the first party and J.T. Shirley and J.A. Shirley and the above warranty does not apply against any act or omission of the said contractors above named, their heirs or assigns, or against any lien or judgment recovered against them.

In witness whereof, the said Atchinson Topeka & Santa Fe Railroad Company has executed this deed by its officiers thereunto duly authorized this 27th day of March, 1895.

Atchinson, Topeka & Santa Fe Railroad Company
By D. B. Robinson Vice President
Attest: E. Wilder Secretary

State of Illinois )
County of Cook ) SS

Be It Remembered, That on this 27th day of March __ AD 1895 before me, a Notary Public in and for the County and, state aforesaid personally came the Atchinson, Topeka & Santa Fe Railroad Company by: D.B. Robinson who is personally known to me and known by me to be the same person who executed the foregoing deed as Vice President of said Railroad Company, and he duly acknowledged the execution of the same to be the act of the said Atchinson, Topeka and Santa Fe Railroad Company. In Testimony Whereof, I have hereunto set my hand and official seal, the day and year last above written.

E.C. Nettels Notary Public
My Commission expires March 11, 1899
Approval.

_________ F. Walker, John J. McCook and J.C. Wilson, Receivers of the property of the Atchinson, Topeka and Santa Fe Railroad Company, duly appointed, hereby authorize, consent to and approve as such Receivers the foregoing deed.

## Quit Claim Deed

This Indenture made this ___ day of November in the year of our Lord one thousand eight hundred and ninety-nine between Julia Ann Fair, widow of Thomas Fair of in the county of Reno and State of Kansas of the first part, and the Hutchinson & Southern Railway Company, a corporation organized and existing under and by virtue of the laws of the State of Kansas of the second part. Witnesseth that the said party of the first part, in consideration of the sum of <$3500> thirty give hundred dollars, to be duly paid, has sold and by these presents do _____, release and quit claim _____ the said party of the second part, its successors and assigns, forever, all that tract on parcel of ____ situated in the County of Reno and State of Kansas and _________________________ to wit: a strip of land one hundred <100> feet wide being fifty >50> feet on each side of the center line of the railroad of the Hutchinson & Southern Railway as the same is now located and ___________ over and across section thirty five >35> township twenty three <23> _____ six <6> with the appurtenances and all the estate, title and interest of the said parties of the first part therein. To have ad to hold all and singular the above described premises to gather with the appurtenances, unto the said party of the second part, its successors and assigns forever;

In Witness Whereof, the said party of the first part has hereunto set her hand and seal the day and year first above written.

Sealed and Delivered in Presence of ___________An Fair ________

State of Kansas, Reno County,

Be it remembered that on this 11th day of November A.D. 1899 before me, the __________, a Notary Public in and for the County and State aforesaid, came Julia An Fair who is personally known to me to be the same person who executed the foregoing instrument of writing, and duly acknowledged the execution of the same.

In Testimony Whereof, I have hereunto set my hand and affixed my official seal on the day and year first above written.

Howard S. Lewis
Notary Public

My Commission expires June 28, 19__.

Filed for record Nov. 22, 1899 at 12 N

B.F. Ragland, Registrar of Deeds

Entered in transfer record Nov. 22, 1899

________, Co. Clerk

**Appendix G**

State of Kansas )
) SS
County of Shawnee )

Be it Remembered, that on this 6th day of May AD 1895 before me, a Notary Public within and for the county and state aforesaid, personally came J.C. Wilson who is personally known to me and known by me to be the same person who executed the Atchison, Topeka & Santa Fe Railroad Company and he duly acknowledged the execution of the same to be his act as said Receiver.

In Testimony Whereof, I have hereunto set my hand an office seal, the day and year last written.

Geo N. Holmes
Notary Public
My Commission expires January 14-1879

Filed for Record May 15-1895 at 1 PM W.C. Barret Reg. Deeds
Entered on Transfer Record May 15-1895 J.E. Eaton County Clerk

The _____ Loan and Trust Co., Grantor

To

The Atchison, Topeka and Santa Fe RyCo, Grantee

_____ f. ct. R. Stamp

Filed for record on the _____ ay of Mar, 1901, at _____ o'clock, A.M.

F___ S. S_____, Register of Deeds.

THIS INDENTURE, made this _____ DAY OF February, 1901

Between The Irrigation Loan and Trust Company, a corporation duly organized under the laws of State of Kansas, Reno County, in the State of _____ of the first part and The Atchison, Topeka and Santa Fe Railway Company, a corporation duly created and organized under the laws of the State of Kansas, _____ County, in the State of _____ of the second part:

WITNESSETH, That said party of the first part, in consideration of the sum of One Hundred and Forty Four and No Dollars.

Receipt of which is hereby acknowledged, does by these presents, REMISE, RELEASE and QUIT CLAIM unto said party of the second part _____ heirs and assigns all of the following described REAL ESTATE, situated in the County of Reno, State of Kansas to-wit:

The West sixty-six (66) feet of the west half (1/2) of the South Quarter (1/4) of Section number Twenty-Three (23) in Township Number Twenty-three (23). Range number six (6) East in Reno County, Kansas.

To Have and To Hold the Same, Together with all and singular the tenements, hereditaries, and appurtenances (hereunto _____, or in anywise appertaining forever:



Appendix H

IN WITNESS WHEREOF,; The said party of the first party _____ hereunto sets the day and year____ above written.

Executed and delivered in presence of

**Acknowledgement**

State of Kansas, County of Reno County, ss

Be it remembered, that on this ___ day of Feby A.D. 1901, before me, the undersigned, a Notary Public in and for the County and State aforesaid, came ________ who is personally known to me to be the same per ..... who executed the within instrument of writing and such person ...... duly acknowledged the execution of the same. _________

In Testimony hereof, I have hereunto set my hand, and utilised my Notarial Seal, the day and year last above written.

Notary Public _______________

My Commission Expires December ___, 1903.

Entered in Transfer Record in my office this 22 day of Mar, A.D. 1901.

____________________---- (County Clerk)

Filed for record Sept. 2, 1896 at 2 pm.

B.J. Ragland, Registrar of Deeds

Entered in transfer record Sept. 2, 1896.

_________, Co. Clerk

**Quit Claim Deed**

Know all Men by these Presents, that E.L. Ragland of New York County, New York, quit claims to the Hutchinson and Southern Railroad a Corporation of the State of Kansas, all the following described premises, situated in ______________ Third Addition to the City of South Hutchinson according to the plat thereof and all situated in the County of Reno and State of Kansas, to-wit:

Lots 125 and 127, Sixth Avenue, West
Lots 125, 126, 127 and 128, Fifth Avenue, West
Lots 125, 126, 127 and 128, Fourth Avenue, West
Lots 125, 126, 127 and 128, Third Avenue, West
Lots 125, 126, 127 and 128 Second Avenue, West
Lots 125, 126, 127 and 128 First Avenue, West
Lots 125, 126, 127 and 128 Blanchard Avenue, West
Lots 125, 126, 127 and 128 Avenue A, West
Lots 125, 126, 127 and 128 Avenue B, West
Lots 125, 126, 127 and 128 Avenue C, West
Lots 125, 126, 127 and 128 Avenue D, West
Lots 125, 126, 127 and 128 Avenue E, West
Lots 126 and 128 Avenue F, West

For and in consideration of $1.00 and the convenience of all the right of way now occupied by said Railroad in Blanchard's Third Addition to the City of South Hutchinson.

Ella L. Rowland
H. Edward Rowland

State of Connecticut )
) ss.
Fairford County )

Be it remembered that on the 1st day of Aug. 1896, personally appeared before me the undersigned, a Notary Public, in and for the County and State aforesaid, E.L. Rowland and H. Edward Rowland, her husband, which persons are known to me to the identical persons who signed the above and foregoing instrument and said persons voluntarily acknowledged the execution, thereof for the purposes therein expressed and said persons are personally known to me to be husband and wife at the time of the execution of said instrument.

STLDOCS 218884v1

Appendix
I

In Witness Whereof, I have hereunto subscribed y name and affixed my notarial seal the day and year last above written.

F.P. Sherwood, Notary Public

Commission expires Jan. 21, 1897

Filed for record Sept. 1, 1896 at 3:00 pm.

B.J. Ragland, Registrar of Deeds

Entered in transfer record Sept. 1, 1896.

W.S. ________ Co. Clerk

Final Receipt (4-14)

Final ________ Receipt No. 4662, _________ No. 513

____________

Receiver's Office Dodge City, Kansas

Apr. 4, 1896

Received of Charles _______ the sum of _______ dollars ___ cents, _______________ by _________ the entry of _________ of ________ in ________________ 160 acres under Section 2371 of the Revised Statutes of the United States.

U.B. _______, Receiver

$4.00

$1___ testimony fee received number of written 765 Rule per 100 words 15 cents.

____________

Filed for record Sept. 1, 1896 at 11:00 am.

B.J. Ragland, Registrar of Deeds

Entered in transfer record Sept. 1, 1896.

_______________________

Final Receipt

Final Receiver Receipt No. 1242

Application No. 1874

____________________

_____ of June 14, 1878.

Received of William __________ the sum four dollars __ cents, being the balance __________ by ____ for the timber ______ entry of the ________ of section 30 in township ___ ________ P. _________ containing 160 ___________.

**Quit Claim Deed**

Know all men by these presents,

That in consideration of sixty five 60/100 dollars the ______________ (a corporation) of Reno County, Kansas, hereby quit claims to the Atchison Railway Company the following described real estate situated in __________:

Lots 126 & 128 First Ave. West Blanchard's 3rd Ad South __________
Lots 126 & 128 Second Ave. West Blanchard's 3rd Ad South
Lots 126 & 128 Third Ave. West Blanchard's 3rd Ad South
Lot 126 Fourth Ave. West Blanchard's 3rd Ad South
Lots 126 & 128 Fifth Ave. West Blanchard's 3rd Ad South
Lots 167 & 169 Sixth Ave. West Blanchard's 3rd Ad South
Lots 126 & 128 Blanchard's Ave. West Blanchard's 3rd Ad South
Lots 126 & 128 Avenue A West Blanchard's 3rd Ad South
Lots 125 & 127 Avenue B West Blanchard's 3rd Ad South
Lots 126 & 128 Avenue B West Blanchard's 3rd Ad South
Lots 125 & 127 Avenue C West Blanchard's 3rd Ad South
Lots 126 & 128 Avenue C West Blanchard's 3rd Ad South
Lots 125 & 127 Avenue D West Blanchard's 3rd Ad South
Lots 126 & 128 Avenue D West Blanchard's 3rd Ad South
Lots 125 & 127 Avenue E West Blanchard's 3rd Ad South
Lots 126 & 128 Avenue E West Blanchard's 3rd Ad South

In Witness Whereof, this indenture by authority duly _____ is signed by the president of said Company, this 8th day of October 1901.

The ________ Loan & Trust Company
By EA Gasner President

State of Kansas
Reno County ss

Be it remembered that on the 8th day of October A.D. 1901 before me the undersigned notary public in and for the County and State aforesaid, came the ________ Loan & Trust ______ by EA Gasner its President, who is personally known to be the President of ________ and the same person who executed the written instrument of

**Appendix J**

writing and such ________ acknowledged the execution of the same as the act and deed of said Company.

In witness whereof, I have hereunto set my hand and affixed my notarial seal the day and ________ above written.

Clara S. Gasner
Commissioner ______ Dec. 22 ______

Filed for record Nov. 1 1900 at 8 am
Fred S. ______ Registrar of Deeds
Entered in transfer record Nov. 1, 1900
_____ Newline County Clerk

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SARAH ILLIG, for Herself and as Representative of a Class of Similarly Situated Persons,
Plaintiff,
v.
THE UNITED STATES OF AMERICA,
Defendant.

No. 98-934L
Judge Bruggink

**DEFENDANT'S NOTICE OF WITHDRAWAL OF SUMMARY JUDGMENT MOTION**

Defendant hereby respectfully submits this notice of withdrawal of the alternative argument presented as a motion for summary judgment, dated March 22, 1999, and discussed at pages 21-26 of defendant's supporting memorandum, and supported by proposed fact findings at paragraphs 1-6.

Subsequent to receiving title information which established that the documents in plaintiff's chain of title did not support plaintiff's claim of ownership for an underlying fee interest in the subject railroad right-of-way (ROW) area, defendant became aware of Missouri state case law which appears to support the existence of a presumption of law in plaintiff's favor. That is, notwithstanding plaintiff's failure to establish ownership over the ROW area via title documentation, a presumption of law appears to support a claim for such rights merely by virtue of ownership of property adjacent to the ROW. This presumption was applied, for example in Koviak v. Union



Appendix K

Elec. Co., 442 S.W.2d 934, 938-39 (Mo. 1969), where the court ruled that underlying fee title to a railroad ROW area passed "by operation of law" to the owner of property abutting the ROW area, notwithstanding the fact that the conveyance to the landowner set forth a metes and bounds description which extended only to the border of the ROW area. The policy driving this anomalous interpretation of otherwise plain metes and bounds descriptions of property has been set forth as follows:

> The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases.

Paine v. Consumers' Forwarding & Storage Co., 71 F. 626, 632 (6th Cir. 1895). The Missouri Supreme Court in Koviak confirmed the presumption, noting:

> The reasons for this rule are enunciated in the Snoddy case, [], where it is said that: "* * * the rule stands on the ground of policy, and a presumption raised by the law to carry out the policy * * * The rule is of the utmost importance, and is necessary to prevent afterthought strifes and litigation, like the one now in hand, over detached strips and gores of land, generally of no value to anyone save the lot owner."

Koviak, 442 S.W.2d at 937 (quoting state Snoddy v. Bolen, 24 S.W. 932, 934 (1894)). Given the status of defendant's information

regarding plaintiff's property interest, and the presumption afforded to plaintiff by state law, defendant, as an officer of the Court, believes it is appropriate at this time to withdraw its alternative argument regarding the deficiency in plaintiff's chain of title regarding the subject ROW area.

Accordingly, defendant hereby withdraws its motion for summary judgment, dated March 22, 1999, the discussion of that motion at pages 21-26 of the supporting memorandum, and the facts set forth at paragraphs 1-6 of defendant's proposed findings of fact.[1]

Date: April 20, 1999.

Respectfully submitted,

[signature]

THOMAS L. HALKOWSKI
Environment & Natural Res. Div.
Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
(202) 305-0240 FAX x0274
Attorney for Defendant

OF COUNSEL:
Evelyn Kitay
Office of the Gen'l Counsel
Surface Transportation Board
Washington, D.C.

---

[1] Defendant also notes that prior to submitting a notice of withdrawal, this matter required review and approval by supervisory personnel. Nonetheless, when it became apparent that defendant would likely withdraw its argument regarding the property interest issue, plaintiff's counsel was contacted on April 8, 1999, and so advised. While defendant intended to submit the withdrawal prior to the due date for plaintiff's response, defendant was unable to do so. On April 16, 1999, prior to the submission of their unopposed motion for an extension of time, plaintiff's counsel was advised that defendant had still intended to submit its notice of withdrawal as soon as possible and that a copy would be faxed to plaintiff.

CERTIFICATE OF SERVICE

The undersigned certifies that on this 20th day of April 1999 a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF WITHDRAWAL OF ALTERNATIVE ARGUMENT** was mailed via first class mail, postage prepaid (and faxed) to the following:

Mark F. Hearne, II
1010 Market Square
Suite 1300
St. Louis, MO 63101-2000
FAX #314-613-2550

Thomas L. Halkowski