IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DOROTHY L. BIERY, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 07-693L<br>(consolidated with: Case No. 07-675L)<br><br>Honorable Nancy B. Firestone |
| JERRAMY PANKRATZ and ERIN PANKRATZ, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | |

**DEFENDANT'S MOTION TO STRIKE**
**PLAINTIFFS' SUMMARY JUDGMENT RESPONSE BRIEF**

Defendant United States hereby moves to strike Plaintiffs' summary judgment response brief on the ground that it violates the form requirements set forth in RCFC 5.4(c) and exceeds the already generous page limit set by the Court's Order of July 25, 2008 (Doc. 41).[1] In support of this motion, Defendant states as follows.

Prior to the consolidation of the Biery and Pankratz cases, Plaintiffs filed separate

[1]Unless otherwise indicated, all PACER document references (abbreviated as "Doc.") refer to the PACER document number in Biery, Case No. 07-0693L, which was designated as the lead case following the consolidation of Biery and Pankratz.

motions for partial summary judgment with supporting briefs that are each 40 pages in length. Defendant requested and received a 10-page enlargement to allow it to file a single consolidated brief in response and in support of its cross-motion for summary judgment of up to 60 pages. Order of June 2, 2008 (Doc. 42). Defendant's cross-motion (Doc. 31) and its 57-page brief (Doc. 31-2) were filed on June 2, 2008.

Under RCFC 7.2(c), Plaintiffs' summary judgment response brief was originally due on July 3, 2008. Plaintiffs filed two unopposed motions for extensions of time to file their response brief. Doc. 44 (filed in Pankratz, No. 07-675L) & Doc. 37. Both motions were granted by the Court, resulting in a final due date of July 25, 2008. Order, dated July 2, 2008 (Doc. 36); Order, dated July 17, 2008 (Doc. 38).

Under RCFC 5.3(b), Plaintiffs' summary judgment response brief was limited to 30 pages. On July 24, 2008, Plaintiffs moved for leave "to file a brief in excess of the page limits set forth in Rule 5.3(b)(2) and file a brief not to exceed 60 pages in length" (Doc. 39, p. 2). Defendant did not object to Plaintiffs' motion. Id. In its Order of July 25, 2008, the Court granted Plaintiffs' motion and ordered that "Plaintiffs' response shall not exceed 60 pages." Order, dated July 25, 2008 (Doc. 41).

On July 25, 2008, Plaintiffs filed a summary judgment response brief that violates the Court's Order of July 25, 2008 (Doc. 41), and further circumvents the page limitation by failing to comply with the content and form requirements set forth in RCFC 5.3(b)(1) and RCFC 5.4(c). Plaintiffs' response brief, as filed, is just over 61 pages in length. Although that one additional page, standing alone, might not warrant a motion to strike by a party or action by the Court, a review of Plaintiffs' filing reveals that the true length of the brief far exceeds the 60-page limit

that Plaintiffs requested and received.

To begin with, the page limits imposed by the Court's rules operate in conjunction with the form requirements set forth in RCFC 5.4(c), which requires that all documents filed in the Court use a font size not smaller than 12 point and be double spaced (except for quoted materials and footnotes). A review of Plaintiffs' response brief reveals that the text of the brief is not double-spaced. The reduced spacing is readily apparent when the response brief is compared with Plaintiffs' opening brief. Compare Biery Pls.' Summ. Judg. Motion and Mem., filed April 30, 2008 (Doc. 23 and Doc. 25) with Pls.' Summ. Judg. Resp., filed July 25, 2008 (Doc. 43-4). To verify that the spacing was reduced, Defendant also replicated a sample page from Plaintiffs' response brief. Attached as Exhibit 1 is page 26 of Plaintiffs' response brief, as filed. Attached as Exhibit 2, is the retyped copy of page 26, in Times New Roman 12-point font. The retyped copy uses 1.5 line spacing and matches Plaintiffs' as-filed page 26. Finally, attached as Exhibit 3 is the same page 26, reformatted with double-spacing, as required by RCFC 5.4(c). The version of page 26 that complies with the Court's rules extends onto a second page by approximately one-fifth of a page. Thus, the cumulative effect of Plaintiffs' use of 1.5 line-spacing in place of the required double spacing is estimated to be a reduction of approximately 12 pages of text.

In addition, attached to Plaintiffs' over-length response brief is an appendix that includes 2 ½ pages of single-spaced text that consists entirely of case citations and quotations. Although RCFC 5.3(b)(1) allows certain materials to be included in an appendix, Plaintiffs' Appendix A – which is cross-referenced at page 27, note 89 of their response brief – is simply an extension of Plaintiffs' legal argument. Indeed, it appears that Plaintiffs simply cut a lengthy footnote out of their brief and pasted it into an appendix. Plaintiffs' submission of this material in an appendix

further circumvents the page limitation imposed by the Court. If the text of Appendix A was included in the brief as a very lengthy single-spaced footnote or as double-spaced text, the length of Plaintiffs' response brief would increase by another 2 ½ to 5 pages.[2]

In sum, although Plaintiffs' summary judgment brief, as filed, appears to be only slightly exceed the already generous 60-page limit imposed by the Court's Order of July 25, 2008, if the brief had been formatted in compliance with the Court's rules, the brief appears to be approximately 75 to 80 pages in length. Plaintiffs should not be allowed to circumvent the Courts' rules or the specific orders in this case in this manner.

WHEREFORE, Defendant respectfully requests that the Court grant this motion and strike Plaintiffs' response brief (Doc. 43-2) and Appendix A (Doc. 43-4, pp. 7–9) from the record. Defendant is not opposed to an order allowing the Plaintiffs to file a corrected brief that complies with the rules referenced herein and the Court's Order of July 25, 2008 (Doc. 41), and granting the Plaintiffs a reasonable amount of time in which to do so. If the Court grants this motion and permits the Plaintiffs to file a corrected response brief, Defendant further requests that its time to reply to that brief under RCFC 7.2(c) run from the date that Plaintiffs' corrected response brief is filed.

---

[2]Defendant does not mean to suggest that moving the entirety of Appendix A into a footnote would be an appropriate corrective measure. Indeed, courts are quite critical of the overuse of single-spaced footnotes to evade page limitations. See, e.g., Westinghouse Elec. Corp. v. NLRB, 809 F.2d 419, 425 (7th Cir. 1897); In re PW, LLC, 2008 WL 2840659, n.1 (9th Cir. BAP, July 18, 2008). Here, Plaintiffs' 61-page response brief includes 146 footnotes. Although most of these footnotes contain short citations to the record or to case law that do not present any concerns, footnote 117 on pages 41-42 of Plaintiffs' response brief contains a full page of single-spaced text. See Doc. 43-3 at pp. 5-6. This stylistic approach, used in conjunction with reduced line-spacing, has the overall effect of improperly circumventing page limitations that are "designed as much for the benefit of the litigants as for the benefit of the court." Morgan v. South Bend Community School Corp., 797 F.2d 471, 480 (7th Cir. 1986).

Respectfully submitted this 29th day of July, 2008.

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
E-MAIL: kristine.tardiff@usdoj.gov

AYAKO SATO
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
60 D Street, N.W., 3rd Flr. Room 3133
Washington, DC 20004
TEL: (202) 305-0239
FAX: (202) 305-0506
E-MAIL: ayako.sato@usdoj.gov

Attorneys for Defendant