abandoned the associated rail line. These facts created a confrontation between the Stones and the neighboring school district. The Stones claimed the railroad had only an easement and, as such this was lost when the railroad was abandoned and the Stones now owned the fee estate unencumbered by the easement. The school district claimed that the railroad had held fee title which the railroad had, in turn, conveyed to the school district.

Rather than just provide a summary answer to this dispute, the Kansas Supreme Court, to the benefit of all with an interest in this issue, provided an exhaustive survey of more than a century of Kansas law on the issue. The Kansas Supreme Court in *STONE*[85] established several rules as long-settled law and harmonized prior Kansas case law and statute. The fundamental point upon which the Court's analysis turns is whether the land involved was a "strip of property" acquired for or used for a railroad right of way.[86] The Court distinguished cases involving strips of land used for a right of way upon which rails and ties were located from cases involving larger parcels of land or parcels used for station grounds, depots, switchyards and other such facilities.[87] For the first category of land – "strips of land" acquired by a railroad for a right of way or actually used for a right of way – the *STONE* Court noted that Kansas law was absolutely settled and the railroad acquired only an easement.[88] This is so for rights of way acquired by condemnation or private conveyance and this was so no matter what language was used in the conveyance instrument – even when it was a general warranty deed otherwise purporting to convey a fee simple estate in the land.

The *STONE* court affirmed this principle as expounded in the prior Kansas Supreme Court cases of *ABERCROMBIE V. SIMMONS*, 71, Kan. 538, 81 P. 208 (Kan., 1905), *BARKER V. LASHBROOK*, 128 Kan. 595, 279 P. 12 (Kan., 1929), *DANIELSON V. WOESTEMEYER*, 131 Kan. 796, 263 P. 507 (Kan., 1930), *FEDERAL FARM MORTG. CORP. V. SMITH*, 149 Kan. 789, 89 P.2d 838 (Kan., 1939),

---

[85] *STONE V. U.S.D. NO. 222*, 278 Kan. 166, 91 P.3d 1194 (Kan., 2004).

[86] STONE, 278 Kan. 180-181, 91 P. 3d 1203.

[87] *Id.*

[88] *Id.*



Exhibit 1 to Def. Mot. to Strike
(Page 26 of Pls.' Response Brief, as filed)

abandoned the associated rail line. These facts created a confrontation between the Stones and the neighboring school district. The Stones claimed the railroad had only an easement and, as such this was lost when the railroad was abandoned and the Stones now owned the fee estate unencumbered by the easement. The school district claimed that the railroad had held fee title which the railroad had, in turn conveyed to the school district.

Rather than just provide a summary answer to this dispute, the Kansas Supreme Court, to the benefit of all with an interest in this issue, provided an exhaustive survey of more than a century of Kansas law on the issue. The Kansas Supreme Court in *STONE*[85] established several rules as long-settled law and harmonized prior Kansas case law and statute. The fundamental point upon which the Court's analysis turns is whether the land involved was a "strip of property" acquired for or used for a railroad right of way.[86] The Court distinguished cases involving strips of land used for a right of way upon which rails and ties were located from cases involving larger parcels of land or parcels used for station grounds, depots, switchyards and other such facilities.[87] For the first category of land – "strips of land" acquired by a railroad for a right of way or actually used for a right of way – the *STONE* Court noted that Kansas law was absolutely settled and the railroad acquired only an easement.[88] This is so for rights of way acquired by condemnation or private conveyance and this was so no matter what language was used in the conveyance instrument – even when it was a general warranty deed otherwise purporting to convey a fee simple estate in land.

The Stone court affirmed this principle as expounded in the prior Kansas Supreme Court cases of *ABERCROMBIE V. SIMMONS*, 71, Kan. 538, 81 P. 208 (Kan., 1905), *BARKER V. LASHBROOK*, 128 Kan. 595, 279 P. 12 (Kan., 1929), *DANIELSON V. WOESTEMEYER*, 131 Kan. 796, 263 P. 507 (Kan., 1930), *FEDERAL FARM MORTG.CORP. V. SMITH*, 149 Kan. 789, 89 P.2d 838 (Kan., 1939),

---

[85] *STONE V. U.S.D. NO. 222*, 278 Kan. 166, 91 P.3d 1194 (Kan., 2004).

[86] *STONE*, 278 Kan. 180-181, 91 P.3d 1203.

[87] *Id.*

[88] *Id.*



Exhibit 2 to Def. Mot. to Strike
(Page 26, 12-point Times New Roman font with 1.5 line-spacing)

abandoned the associated rail line. These facts created a confrontation between the Stones and the neighboring school district. The Stones claimed the railroad had only an easement and, as such this was lost when the railroad was abandoned and the Stones now owned the fee estate unencumbered by the easement. The school district claimed that the railroad had held fee title which the railroad had, in turn conveyed to the school district.

Rather than just provide a summary answer to this dispute, the Kansas Supreme Court, to the benefit of all with an interest in this issue, provided an exhaustive survey of more than a century of Kansas law on the issue. The Kansas Supreme Court in STONE[85] established several rules as long-settled law and harmonized prior Kansas case law and statute. The fundamental point upon which the Court's analysis turns is whether the land involved was a "strip of property" acquired for or used for a railroad right of way.[86] The Court distinguished cases involving strips of land used for a right of way upon which rails and ties were located from cases involving larger parcels of land or parcels used for station grounds, depots, switchyards and other such facilities.[87] For the first category of land – "strips of land" acquired by a railroad for a right of way or actually used for a right of way – the STONE Court noted that Kansas law was absolutely settled and the railroad acquired only an easement.[88] This is so for rights of way acquired by condemnation or private conveyance and this was so no matter what language was used in the conveyance instrument – even when it was a general warranty deed otherwise purporting to convey a fee simple estate in land.

---

[85]*STONE V. U.S.D. NO. 222*, 278 Kan. 166, 91 P.3d 1194 (Kan., 2004).

[86]*STONE*, 278 Kan. 180-181, 91 P.3d 1203.

[87]*Id.*

[88]*Id.*



Exhibit 3 to Def. Mot. to Strike
(Page 26, 12-point Times New Roman font, with double-spacing)

The Stone court affirmed this principle as expounded in the prior Kansas Supreme Court cases of *Abercrombie v. Simmons*, 71, Kan. 538, 81 P. 208 (Kan., 1905), *Barker v. Lashbrook*, 128 Kan. 595, 279 P. 12 (Kan., 1929), *Danielson v. Woestemeyer*, 131 Kan. 796, 263 P. 507 (Kan., 1930), *Federal Farm Mortg.Corp. v. Smith*, 149 Kan. 789, 89 P.2d 838 (Kan., 1939),



Exhibit 3 to Def. Mot. to Strike
(Page 26, 12-point Times New Roman font, with double-spacing)