**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DOROTHY L. BIERY, *et al.*, and<br><br>JERRAMY and ERIN PANKRATZ, for Themselves and a Class of Similarly Situated Persons,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:07-cv-693<br>(Consolidated with<br>Case No. 1:07-cv-695)<br><br>Honorable Nancy B. Firestone |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SUMMARY JUDGMENT RESPONSE BRIEF**

In response to Defendant's Motion to Strike Plaintiffs' Summary Judgment Response Brief, Plaintiffs respectfully respond as follows:

1. Rule of the Court of Federal Claims ("RCFC") 12(b) states as follows:

> "**Motion to Strike**. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

2. RCFC 7(a) states:

> "**Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim, denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other

pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

3. With respect to RCFC 12(f) and RCFC 7(a), both rules are identical to the Federal Rules of Civil Procedure.

4. In the recent case, *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, 2008 WL 2518561 (E.D. Mo. 2008), the Federal District Court of the Eastern District of Missouri held that "a motion to strike is not properly filed in response to a motion to dismiss, because the latter is not a 'pleading' within the meaning of the Federal Rules." The court explained:

> "A motion to strike is properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. Fed.R.Civ.P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, *et al.*, MOORE'S FEDERAL PRACTICE § 12.37[2] (3rd ed. 2007). See *Coleman v. City of Pagedale*, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D.Mo. Jan.15, 2008); *Williams ex rel. McIntosh v. City of Beverly Hills, Mo.*, No. 4:07-CV-661 CAS, 2008 WL 2792490, *2 (E.D.Mo. Sept.24, 2007). Defendants' motion to dismiss is not a pleading and cannot be attacked with a motion to strike.

5. A Response to a Cross-Motion for Summary Judgment (and the Memorandum of Law in support thereof) is not a "pleading" under the Rules of the Court of Federal Claims, which are identical to the Federal Rules of Civil Procedure in all relevant parts.

6. Therefore, Defendant's Motion to Strike Plaintiffs' Response to Defendant's Cross-Motion for Summary Judgment is procedurally improper under the Rules of this Court and should be denied.

6. The government argues that Plaintiffs' Appendix A -- which contains a survey of other state's supreme court holdings (like the Kansas Supreme Court) that instruments similar to those at issue in this case were held to convey only an easement to the railroad and not a fee estates in the land itself -- is "single-spaced text that consists entirely of case citations and quotations."

7. RCFC 5.2(b)(1)(B) states that the page limit of a brief excludes "any appendix setting our verbatim the pertinent portions of constitutional provisions, treaties, statutes, regulations, agency or board decisions, <u>court decisions</u>, excerpts from transcripts of testimony and documentary exhibits." (Emphasis supplied).

8. The language of RCFC 5.2(b)(1)(B) clearly states that "court decisions" are properly placed in an appendix. Therefore, Plaintiffs maintain that Appendix A is a useful tool for the Court which is properly contained in an appendix rather than the body of the brief itself. This Appendix is, as the government notes, not argument by counsel but a compilation of "case citations and quotations."

9. Therefore, Defendant's Motion to Strike Plaintiffs' Response to Summary Judgment is not only procedurally improper, but also substantively it should be denied with respect to Plaintiffs' Appendix A which is clearly allowed under this Court's Rules.

10. With respect to the government's argument that Plaintiffs' brief contained improper line spacing, in filing the earlier brief the Plaintiffs were not seeking to take any liberties with the rules but the formatting was inadvertently changed to one-and one half space during the editing process.

11. Plaintiffs regret the error in spacing; however, believe that no part of their Response to Defendant's Cross-Motion for Summary Judgment is "redundant, immaterial, impertinent, or scandalous." See RCFC 12(b).

12. Therefore, Plaintiffs have re-filed their brief edited to be 60 pages fully double-spaced.

13. Accordingly, the Plaintiffs seek leave of Court to re-file their brief which is formatted to fully comply with the 60 page length limit as formatted in complete accordance with the RCFC 5.2(b)(2).

14. Further, the appendix of other state cases, Appendix A, remains included as an appendix, which the Plaintiffs maintain is appropriate under RCFC 5.2(b)(1)(B).

WHEREFORE Defendant having improperly filed a Motion to Strike Plaintiffs' Response to Defendant's Cross-Motion for Summary Judgment in contravention of the Rules of this Court, ask this Court to deny Defendant's Motion to Strike and to grant Plaintiffs leave to re-file their brief, and for any further relief the Court deems just and proper.

Respectfully submitted,

LATHROP & GAGE L.C.

DATE: August 7, 2008.

By /s/ Mark F. (Thor) Hearne, II
MARK F. (THOR) HEARNE, II
LINDSAY S.C. BRINTON
MEGHAN S. LARGENT
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)
ATTORNEYS FOR PLAINTIFFS